BURGESS v. YOUNG COUNTY ABSTRACT & TITLE CO.

(Court of Civil Appeals of Texas. Ft. Worth. March 2, 1912.)

1. APPEAL AND ERROR (§ 544*)—STATEMENT OF FACTS—NECESSITY.

A statement of facts is a prerequisite to review of a ruling sustaining a plea of privilege to be sued in another county, where the plea sufficiently meets the allegations of the petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2448, 2449; Dec. Dig. § 544;* Costs, Cent. Dig. § 815.]

2. VENUE (§ 72*) — PLEA OF PRIVILEGE — CHANGE OF VENUE.

Under Laws 1907, c. 133, which provides that, on sustaining a plea of privilege to be sued in another county, the cause shall be transferred to that county, it is error, in sustaining such a plea, to dismiss the suit.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 127; Dec. Dig. § 72.*]

Appeal from Archer County Court; C. H. Henley, Judge.

Action by W. E. Burgess against the Young County Abstract & Title Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

J. G. Garrison, of Megargel, for appellant. Geo. H. McLaren, of Graham, for appellee.

CONNER, C. J. In December, 1910, appellant instituted this suit against the Young County Abstract & Title Company, a copartnership composed of George H. McLaren and R. L. Tankersly, to recover the sum of $150 alleged to have been paid by appellant to said company on account of the purchase price of a certain tract of land situated in Archer county. The said members of the abstract company presented in the justice's court their plea of privilege to be sued in Young county, Tex., where it was alleged they resided. Their plea was sustained in the justice's court, and on appeal to the county court of Archer county a like judgment was rendered.

[1, 2] We think the plea of privilege sufficiently met the allegations of the plaintiff's petition, and in the absence of a statement of facts, and there is none, we are unable to say that the court erred in determining the plea of privilege in appellee's favor. The court, however, dismissed the suit, and in this we think there was error. The court should have transferred the case to the county court of Young county. See General Laws of Texas 1907, p. 248.

The judgment is accordingly reversed, and the cause remanded to the county court of Archer county, with instructions to transfer the case to the county court of Young county, Tex.