WEDGWORTH et ux. v. SMITH.
(No. 84–2880.)

(Commission of Appeals of Texas, Section A. June 25, 1919.)

APPEAL AND ERROR &⟶907(3)—ABSENCE OF STATEMENT OF FACTS—PRESUMPTION THAT JUDGMENT IS SUPPORTED BY EVIDENCE.

In the absence of statement of facts, it will be presumed that the judgment is supported by the evidence.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by A. M. Smith against V. K. Wedgworth and wife. Judgment for plaintiff, and defendants appealed to the Court of Civil Appeals, where judgment was affirmed (178 S. W. 641), and defendants bring error. Affirmed.

V. K. Wedgworth and A. B. Curtis, both of Ft. Worth, for plaintiffs in error.
Glover C. Johnson, of Ft. Worth, for defendant in error.

TAYLOR, J. A. M. Smith, defendant in error, sued V. K. Wedgworth and wife, plaintiffs in error, upon three promissory vendor's lien notes for $500 each, executed by said Wedgworth, dated June 1, 1909, bearing interest at 8 per cent. per annum on the principal and at the rate of 10 per cent. on past-

due interest. This suit was for the amount of the notes, interest, and attorney's fees. The trial was before a jury upon special issues. Judgment was rendered October 14, 1914, in favor of the defendant in error for $1,-941.30. The Court of Civil Appeals, upon appeal without a statement of facts, affirmed the judgment. 178 S. W. 641.

The principal defense urged by the plaintiffs in error in the trial court was that the execution of the notes grew out of a usurious transaction. Their allegations are, in effect, that defendant in error in January, 1907, loaned to V. K. Wedgworth $1,500 under an agreement that Wedgworth would, on June 1st following, repay defendant in error the amount advanced, together with an additional sum of $1,500 for the use of the money. Defendant in error alleges that he advanced the money for the purpose of purchasing an interest in a town lot proposition in Ft. Worth.

The lots were purchased by Wedgworth in January, 1907, with the money advanced, and on the following June 1st all were sold, except 80. One-fourth of this number was apportioned to defendant in error and Wedgworth jointly as their part of the unsold lots. Subsequently 84 other lots were turned back by the purchasers, and one-fourth of this number was likewise apportioned to them jointly. Upon the insistence of defendant in error that some showing be made as to his interest in the lots, the record holders of 41 of the lots made conveyance thereof to him and Mrs. Wedgworth jointly April 18, 1908. On June 1, 1909, plaintiffs in error, in consideration of $500 cash, and the execution of the three vendor's lien notes sued upon, purchased defendant in error's one-half undivided interest in said 41 lots for Mrs. Wedgworth, and secured a conveyance thereof to her on that date. The foregoing is set forth in the pleadings.

The main issue raised in the trial court was whether the $1,500 advanced by defendant in error was a usurious loan to Wedgworth, or an advance for the purpose of purchasing an interest in the said lot proposition. There were other issues, but they were incidental. The following is the only special issue submitted:

"Did the plaintiff, A. M. Smith, lend to V. K. Wedgworth in January, 1907, the $1,500 in pursuance of an agreement and contract between them that said Smith should purchase an interest in said lots in the Frisco Heights addition, or was the agreement and contract between them that said Smith should lend said $1,500 to said Wedgworth, and that said Wedgworth should pay said Smith in return therefor $3,000 on or about June 1, 1907?"

The jury answered that the money was furnished to purchase an interest in the lots.

In the state of the record the only question to be determined is whether, under the

pleadings, the judgment rendered is too large. The total principal of the notes sued upon is $1,500. The only payment upon the notes admitted by defendant in error's answer is $370; $120 credited in discharge of the interest due upon all of the notes for one year, and $250 applied as a credit upon the principal of the first note. The credit evidencing the payment was entered in July, 1910, and reduced the total principal indebtedness to $1,250 as of date June 1, 1910. At the time of the rendition of the judgment, interest for a period of about 4 years and 5 months had accumulated. The judgment is not in excess of the amount of the $1,250 principal and accrued interest, together with 10 per cent. additional thereon as attorney's fees.

The application for the writ points out that defendant in error's answer admits that Wedgworth made other payments amounting to approximately $485. An examination of the pleadings reveals that the payments referred to are admitted to have been made to defendant in error prior to the execution of the notes. For aught that appears in the record, such payments may have been for his part of the profits on the lots sold. At any rate such payments could be material only upon the theory that the money was advanced to Wedgworth as a loan, which is contrary to the finding of the jury. The pleadings show that defendant in error sued upon the notes as purchase-money notes executed in consideration of his conveyance of the lots to Mrs. Wedgworth. It will be presumed, in the absence of a statement of facts, that the judgment is supported by the evidence. There is nothing in the record from which it appears that it is not responsive to the pleadings.

We are of opinion that the judgments of the trial court and Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.