### CAMPBELL v. CHAPMAN.
#### No. 999.

Court of Civil Appeals of Texas. Eastland.

Oct. 30, 1931.

Smith & Smith, of Anson, for plaintiff in error.

Thomas & Thomas, of Anson, for defendant in error.

HICKMAN, C. J.

This is an original proceeding instituted in this court by T. K. Campbell, relator, against Honorable W. R. Chapman, judge of the 104th judicial district of Texas, respondent. The purpose of the proceeding is to procure a writ of mandamus commanding respondent to enter his order directing that certain documents claimed to have been introduced in the trial of a certain cause in the district court of Jones county be sent up in their original form, without the necessity of their being copied in the stenographer's report.

The record discloses that in cause No. 5522 on the docket of the district court of Jones

county, the relator sought a writ of mandamus directing F. M. Knox, as justice of the peace of precinct No. 1, Jones county, to deliver to him or his attorney, or place in the hands of the sheriff of Clay county, Tex., twelve certain executions theretofore issued, or, in the alternative, that he be directed to issue and deliver twelve other executions in lieu thereof. In the same proceeding, relator prayed for an injunction restraining the said justice of the peace and Roy E. Prichard, county clerk of Jones county, from issuing executions for costs in the said twelve cases, which had originated in the justice court and had been brought to the county court and decided adversely to the relator. Some of the twelve cases were brought to the county court by direct appeal, and the remainder by certiorari. Upon the hearing of said application for mandamus and injunction, it was agreed that all of the court papers of whatsoever nature in all of the twelve cases in both the justice and county courts would be considered as introduced in evidence. After hearing the application of the relator, the respondent, as judge aforesaid, denied same, and, from such adverse judgment, relator gave notice of appeal to this court. Thereafter the relator, by his attorneys, presented to respondent, as judge aforesaid, a written request that respondent, in his official capacity, direct that all documents of every kind offered in evidence upon the trial of said cause be sent up to this court in their original form to be returned to the trial court after being disposed of in this court. This request was denied by an order entered on the minutes. On a subsequent day there was filed with the district clerk a statement of facts in said cause, in question and answer form, which did not contain a copy or transcript of the various court papers, records, and proceedings above mentioned.

Accompanying relator's application in this court is a voluminous collection of various and sundry court papers in twelve cases, consisting of citations, pleadings, judgments, and several pages taken from the docket of the justice court. These are the alleged original documents to bring up which relator seeks his writ of mandamus.

The proceeding in this court is based upon relator's interpretation of article 2239, R. S. 1925, as amended by the Acts 42d Legislature 1931, at its First Called Session, chapter 34, § 3, page 76. The specific provision of this amended article relied upon is as follows: "Any original documentary evidence, sketches, maps, plats or other matters introduced in evidence shall be transcribed by such stenographer into the said stenographer's report or if identified in the stenographer's report may, by written direction of the judge, be sent up in the original form if requested by either party to the suit, and may be returned to the trial court when the cause is disposed of by the Appellate Court."

Relator construes this provision as vesting in litigants the absolute right to have all original documentary evidence attached to the statement of facts in lieu of a copy thereof in the stenographer's report, and as denying the trial judge any discretion in the premises. With this construction, we cannot agree. The article deals with the preparation and form of a statement of facts. But for the provision above quoted, original instruments would have no place therein. That provision merely prescribes the conditions upon which they may become a part of the statements of facts. These conditions are: First, that the documents be identified in the stenographer's report; and, second, that there be a written direction of the judge that such documents be sent up in the original form. Absent either of these conditions, such documents could not be considered by the appellate court as a part of the statement of facts. There is nowhere in this language any duty enjoined upon the trial judge to issue such an order. It is elementary that a writ of mandamus is not a writ of right, but is extraordinary in its nature, and will never be issued, except upon a clear showing of the violation of a duty. It would be a strange construction of this statute that would read into it the imposition of a ministerial duty upon the trial judge. Had it been the purpose of the Legislature to confer upon litigants in all cases the absolute right to bring all documentary evidence to this court in its original form, then there would have been no necessity for providing for an order from the trial judge. The fact that original instruments can be brought here only by the direction of the trial judge, within itself, denotes the legislative intent to vest in him some discretion. The case at bar affords a splendid example of the wisdom of the Legislature in not vesting a litigant with the absolute right to bring original documents to this court. The documents brought here with relator's application, and which he seeks to have made a part of the statement of facts, are original court papers and loose leaves from dockets. They belong to, and should be kept in, the respective courts in which they originated. The justice of the peace and the county clerk, respectively, should have these documents at all times, and an interpretation of the statute which would give a right to a litigant to take these papers and leaves from the dockets, thus bringing about a state of disorder and confusion in the lower courts and incomplete records of the proceedings therein, should be avoided, unless required by the very language employed. This act does not require such construction, but, on the other hand, requires the construction that discretion is vested in the trial judge in de-

termining whether or not he should direct that original papers shall be sent to the appellate court. Thus interpreted, the statute will serve a useful purpose. We have no doubt that the respondent, and other trial judges, in proper cases, will co-operate with the litigants in carrying out the spirit and purpose of this act, and save unnecessary expense in the preparation of the statement of facts. But, in the instant case, it is manifest that the respondent properly and discreetly declined to enter the order requested. Our construction of the act is, that the statute makes it discretionary with the trial judge as to whether he will make such an order. It therefore follows that relator shows no right to a mandamus.

█ There is yet another reason why relator is not entitled to the writ in the instant case. The documents which he brings here as the original documents offered in evidence below are not identified in the stenographer's report. By the express language of the act upon which relator relies, this is a condition precedent to any right to have such original documents considered by us as a part of the statement of facts. We could not consider a record not properly authenticated.

The application for mandamus is denied.