## Mrs. Marie Anchor v. Wichita County Water Improvement District No. 2.

No. 6158.  Decided December 30, 1933.
Motion for rehearing overruled February 7, 1934.
(66 S. W., 2d Series, 657.)

*Bonner, Bonner & Childress,* of Wichita Falls, for appellant.

The court erred in rendering a judgment foreclosing a lien against all of the land for the collection of the judgment awarded plaintiff (appellee in appellate court), because, under plaintiff's own pleading and under the judgment, a large part of the land was not claimed to be irrigable or tillable or subject to the tax of $3.50 per acre, but only to a tax of seven cents per acre; and the judgment containing a recovery of a certain sum, partly on the basis of seven cents and partly on the basis of $3.50 per acre, the foreclosing of the lien on the entire tract to collect the entire debt was fundamentally erroneous.  R. S. 1925, Arts. 7675 and 7675a; Richey v. Moor, 112 Texas, 493, 249 S. W., 172 and authorities cited; State Mort. Co. v. Traylor (Civ. App.), 32 S. W. (2d) 887 (writ refused, 120 Texas, 148, 36 S. W. (2d) 440); Seber v. Mills, 18 S. W. (2d) 207 (writ refused).

*A. H. Britain,* of Wichita Falls, for appellee.

While no attack is made by appellant upon the validity of the organization of the water improvement district, she does

undertake to go back of the organization and to now raise the question particularly with reference to the classification of her lands, which, to have been made timely, must have been made prior to the issuance of the bonds. Appellant wholly failed to avail herself of such right, notwithstanding the notices sent her with respect to the classification, but permitted the bonds of the district to be issued, and upon her land, upon a basis of $35.25 per acre, and as provided in Article 7646, the bonds having, been issued her lands cannot be taken out of the district. R. S., 1925, Articles 7646-7648; Wheat v. Ward County Water Improvement District No. 2, 217 S. W., 713; Hester & Roberts v. Donna Irrigation District, 239 S. W., 992; Arneson v. Shary, 32 S. W. (2d) 907; Texas & Pac. Ry. Co. v. Ward County Irrigation District No. 1, 112 Texas, 593, 251 S. W., 212; Parker v. El Paso County Water Imp. Dist., 297 S. W., 737.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals at Fort Worth has submitted the following certificate containing certified questions, to-wit:

"In the above entitled cause, Mrs. Marie Anchor, defendant in the court below, has prosecuted a writ of error to this court from a personal judgment rendered against her in favor of the Wichita County Water Improvement District No. 2, plaintiff in the court below, for assessments made by the plaintiff against approximately 300 acres of land owned by her and situated in plaintiff's water improvement district, and for foreclosure of a lien on that land to secure the payment of the personal judgment.

"The suit was instituted against Mrs. Anchor to recover a personal judgment against her and others not necessary to now notice for the amount of the assessments made by the plaintiff for the years 1924 to 1928, inclusive, with foreclosure of the assessment lien on the land to secure the payment of such judgment. The land is situated in the water improvement district and approximately 200 acres was classified by plaintiff's board of equalization as irrigable land, and approximately 100 acres as non-irrigable land, and was included in the rolls made up by the board as such; and thereafter in the year 1923 bonds in an aggregate sum of $1,525,000.00 were issued and sold by the plaintiff on an equitable benefit basis, according to which there was an aggregate assessment of $35.25 for each acre of irrigable land in the district and $1.00 an acre on all non-irrigable land. The assessments so levied on all irrigable lands in the district were at the rate of

$3.50 per acre per annum, of which $2.45 was set apart for the payment of all accrued interest and for the retirement of the bonds, and $1.05 for the maintenance and operating expenses of the district; and 7 cents per acre per annum on all non-irrigable land within the district as an incidental benefit thereto, of which amount six cents should be applied to the payment of interest on the bonds and one cent on the principal of the bonds. Assessments made on the land in controversy for the years 1924 to 1928, inclusive, with interest and penalties accruing up to the date of the trial aggregated the sum of $3,682.53.

"According to further allegations in the petition, the water improvement district was duly and legally organized; the assessments levied and all statutory requirements necessary to such levy were duly and legally complied with, including service of notice to Mrs. Anchor, who failed to appear and contest the inclusion of her land in the district, or to resist the assessments made, and who thereafter failed to take any steps to have her land withdrawn from the water improvement district, as provided in articles 7646 to 7648, inclusive, Rev. Civ. Statutes of 1925; and by reason of all of which it is now too late for her to challenge the validity of all assessments. According to further allegations the bonds that were issued by the district, in the sum of $1,525,000.00, were duly approved and validated in the District Court of Wichita County and in the Court of Civil Appeals for the Second Supreme Judicial District of Texas, and, after being so approved, were sold.

"The judgment rendered against Mrs. Anchor was for the amount of assessments noted and attorneys' fees, totalling a sum of $4050.78, with interest thereon from the date of the judgment, to-wit, October 15, 1930, at the rate of 6 per cent per annum and costs of suit, with foreclosure of the assessment liens on the entire tract to secure the payment of the personal judgment.

"No statement of facts has been brought to this court, but, as shown by bill of exception, after plaintiff had made prima facie proof of all the material allegations in its petition, counsel for Mrs. Anchor offered further proof to show that the assessment made upon certain portions of her land as irrigable land were fraudulently made, and therefore unconstitutional and void, but the court sustained an objection to that evidence and thereupon instructed a verdict in plaintiff's favor for the relief prayed for. That ruling is made the basis of the principal assignment of error presented here and which has been sustained by this court upon a former hearing at the present

term of court, as shown by opinion accompanying this certificate, which also sets out the bill of exception and the substance of defendant's answer.

"The evidence so offered and excluded was, in substance, that about 10 acres of the land could be made tillable by expenditure of about $1000.00 for improvements such as excavating and removing rocks from the soil, but that all the rest of the tract is not adapted to any use except for grazing, and is so hilly and rocky that it is impossible for plaintiff ever to irrigate it from its irrigation system because of its elevation high above the irrigation canals from which water flows by gravitation, and no part of the tract has ever been irrigated; that the land has never been used for any purpose except for grazing and the rental value of such use is fifty cents an acre per year; and the market value of the entire tract does not exceed $6,000.00, or approximately twenty dollars an acre.

"A motion for rehearing, filed by the plaintiff, is now pending and undisposed of, and by reason of the importance of the questions, and the further fact that we are not entirely agreed upon the disposition to be made of them, we deem it advisable to certify to your Honors these questions:

"1. Was the evidence offered and excluded sufficient, prima facie, to require the submission to the jury the issue whether or not the classification of approximately 200 acres of the tract as irrigable and the assessment made thereon as above shown so arbitrary as in law to render the same unconstitutional and void?

"2. If the first question should be answered in the affirmative, then was Mrs. Anchor precluded from urging such invalidity of those proceedings as a defense to this suit, by reason of her failure to present to plaintiff's board of directors her application to exclude said land from the Water Improvement District, under the provisions of Articles 7646 to 7648, inclusive, Rev. Civ. Statutes of 1925?"

The first certified question calls for the consideration of the statute which now constitutes Article 7779 of the Revised Statutes. The relevant portions of said statute read as follows:

"In the event that any irrigation or water improvement district, other than those operating under contract with the United States, have been or shall be constituted a conservation and reclamation district so as to come within the terms of Section 59 of Article 16 of the Constitution of the State of Texas, and shall adopt or have adopted the assessment of benefit plan of taxation instead of the ad valorem plan of taxation then and in that event the fixing and assessing of property

values on which taxes shall be levied and collected shall be made in the manner provided by Articles 7782 to 7787, inclusive, provided any such district may at the same election at which the adoption of said plan of taxation is voted upon, or at any other time before the issuance of bonds, vote upon the proposition of whether said benefits shall be fixed as an equal sum upon each acre of land that is irrigated or to be irrigated by gravity flow from the canal system of the district. In which event the amount of benefit per acre shall be voted upon as applied to all lands in the district that can be irrigated by gravity flow from the irrigation system to be constructed or purchased and also the benefit to lands in the district that can not be so irrigated. * * *

"In the event the plan of uniform acreage valuation for taxation is adopted as herein provided, the said valuation shall be applied to all such lands and it shall not be necessary for the assessor, or the board of equalization to annually fix the value thereof or equalize such values, except as herein provided, nor for the board of directors of the district to appoint a commission to ascertain or fix the value of the improvement to particular lands as in other cases provided. The board of equalization will examine the renditions and tax rolls to ascertain that all property subject to the tax is placed on such tax rolls under its proper classification and add any property thereto that may be left off such tax rolls or that may not have been rendered for taxation, and examine, correct, and certify to said tax rolls. Any property owner may protest the classification of his lands as not being proper and the board of equalization shall fully consider any such protest, hear evidence, and enter their findings thereon in their minutes, in the same manner provided for protests in the case of the fixing of valuations upon property as provided by law. * * *"

█ It will be observed that the standard provided by the statute, by which lands in the district are to be classified, involves the determination of the fact question as to whether or not the particular land is irrigable as provided in the statute. Authority to determine that question is committed to the board of equalization by appropriate provisions contained in the statute. A hearing of property owners in respect to the classification of their property is also provided for. The authority thus committed to the board is essentially quasi-judicial, and when same is duly exercised in keeping with the intent of the statute, the decision of the board is the outcome of due process of law. Union Cent. Life Ins. Co. v. Chowning, 86 Texas, 654,

26 S. W., 943; Glenn v. Dallas Co. Bois d'Arc Island Levee District, 114 Texas, 325, 268 S. W., 452; 9 Texas Jur., p. 574 et seq.

In the present instance, all the statutory requirements having been properly met, and the decision of the board respecting the proper classification of Mrs. Anchor's property having been reached by due inquiry as to the facts, and Mrs. Anchor, previous to such inquiry, having been duly notified thereof and offered the opportunity to be heard in the premises, there is no room for a conclusion that the latter has been denied due process of law or equal protection of the laws. There is a wide distinction between the present case and cases of the type relied on by counsel for Mrs. Anchor which involve instances where the exercise of discretion by the taxing authorities, in respect to the spread of taxes, was wanting. Myles Salt Company v. Board of Commissioners, 239 U. S., 478 (60 L. Ed. 392), and Lively v. Missouri, K. & T. Ry. Company, 102 Texas, 545, 120 S. W. 852, are cases of that type.

We recommend that the first certified question be answered "No."

The opinion of the Commission of appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.