## INDEPENDENT LIFE INS. CO. v. HOGUE.
### No. 2567.

Court of Civil Appeals of Texas. Beaumont.
April 25, 1934.

Rehearing Denied May 2, 1934.

Davis, Avery & Wallace, of Center, for appellant.

E. B. Lewis and J. W. Ellington, both of Center, for appellee.

WALKER, Chief Justice.

This was an action for libel by appellee, S. F. Hogue, against appellant, the Independent Life Insurance Company, filed in Shelby county on the 17th day of June, 1933. The allegations of the petition were that appellant was an insurance company; on the 3d day of September, 1932, appellee entered into a written contract of agency with appellant, executed in its name by C. E. Sparks, agent-manager, to solicit and write applications for insurance, with authority to receive and collect premiums, etc.; appellee immediately entered upon the discharge of his duties as agent, writing the applications for insurance which were received by appellant and policies issued thereon; he also collected the premiums due on such policies and accounted to appellee therefor; in the regular discharge of his duties for appellant, on or about the 3d day of January, 1933, while his agency contract was in force, he received the application of Mrs. Lou Allen Potts, wife of W. C. Potts, of Choice, Tex., which he forwarded to appellant, but the application was refused; on the 7th day of June, A. D. 1933, appellant wrote to W. C. Potts a letter containing the following statement: "Our position in regard to this matter is simply that, due to the fact that we had discharged Mr. Hogue prior to the date, on which this application is supposed to have been written, we do not think we should be expected to make a refund on any money, which we have not received, and which, if collected, was not within the course of employment, of Mr. Hogue by this company."

On the 19th day of January, 1933, appellant wrote a letter to West & Sparks, its agents at Houston, Tex., containing the following statement:

"We have the application of the above applicant (referring to Lou Allen Potts) for a $2000.00 ordinary life, special combination policy, written by agent, S. F. Hogue.

"We do not understand why Mr. Hogue used a doctor rather than one of our regularly appointed examiners, in having this woman examined. We cannot accept this examination, because he has violated one of our rules.

Mr. Hogue will have to satisfy this doctor (Dr. A. W. Duke) for his medical fees, as we will not credit the same to his account." .

On April 13, 1933, Davis, Avery & Wallace wrote to Mr. Potts a letter containing the following statement: "In reply to the letter which we wrote the Independent Life Insurance Company, at your request, they make the following statement: 'It will be greatly appreciated if you will inform Mr. W. C. Potts that Mr. Hogue was not our authorized representative, and that he had been notified not to solicit business in our name. He had no right whatever to issue a receipt in the name of the company and we deny all liability in connection with the case. If it is his desire to sue us, then of course there is nothing we can do but defend ourselves. The first thing Mr. Potts can do is demand fully refund of the sum of $133.00 collected from him, as he had no right to collect the money and we have no intention whatever of paying any part of it.'"

On December 31, 1932, while his agency contract was in force, appellee solicited and received an application for insurance from John Fields of Shelbyville, Tex.; on or about April 15, 1933, appellant wrote to John Fields a letter containing the following statement: "We are very sorry to advise you that we cannot be of assistance to you, as we have not received any of your money, and S. F. Hogue has not been the representative of this company in many months, the only thing we can suggest for you is to call on Mr. Hogue for your money, as we are not responsible for him in any manner."

Notwithstanding appellant had not discharged appellee, on or about the 20th day of February, 1933, it wrote him the following letter: "We are again making demand of you for the return of all supplies belonging to this company, and if not received in due course, take the matter up with the insurance department at Austin. Now just use your own judgment about this, but if you represent us as an agent of the company, you are misrepresenting yourself to the public, which we will not stand for."

The petition contained the necessary allegations in support of the letters therein pleaded to constitute a cause of action for libel.

Appellant answered by plea of privilege to be sued in Harris county, to which appellee replied by a controverting affidavit. On the merits appellant answered by general and special exceptions, general denial, and by the following special defenses: (a) Appellee had

been discharged by appellant before the transactions in question arose; (b) appellee had no authority to take the applications and issue receipts in the matters upon which he predicates his cause of action; (c) the truth of the matters charged in the letters; (d) the letters were quasi privileged; (e) there was no publication; (f) appellant had no malice towards appellee; (g) the statements in the letters were made in good faith, based upon probable cause; (h) justification.

On the 25th day of July, 1933, the issue of venue was tried to the court and judgment was entered overruling the plea of privilege, to which appellant excepted and gave due notice of appeal to this court, and has filed a separate transcript and a separate statement of facts in support of that appeal, but no separate appeal bond. On the 17th day of August, 1933, the case was tried on its merits to a jury and judgment entered in appellee's favor against appellant for the sum of $1,000 on special findings that the statements made in the letters pleaded were not true, that appellant's agents and officers "were prompted by malice towards the plaintiff, S. F. Hogue, at the time they made and mailed said letters," and that appellee had suffered damages in the sum of $1,000. The appeal was regularly prosecuted to this court upon a supersedeas bond filed September 7, 1933.

### Opinion.

Appellant assigns errors against both the judgment overruling the plea of privilege and the judgment on the merits.

█ In support of his venue appellee pleaded by his controverting affidavit that he was a resident citizen of Shelby county when his cause of action accrued, as required by subdivision 29, article 1995, R. C. S. 1925, and facts constituting a cause of action for libel. He clearly sustained the allegations as to his residence. In support of his cause of action for libel he offered in evidence the written contract of agency pleaded by him, certain "net," slips showing an accounting for the insurance written by him for appellant, the letters pleaded in his petition as the basis for the libel, and that he had secured these letters from Mr. Potts and Mr. Fields. The testimony thus summarized constituted a prima facie case for libel. As we understand appellant's brief, its assignments of error are addressed to the admissibility of this testimony.

██ The written contract was offered by appellee and received by the court. In support of its due execution appellee showed that after the execution of the contract appellant in all respects recognized him as its agent and paid him the commissions on the terms and in the amounts stipulated therein; that it received his applications for insurance and wrote and delivered its policies on such applications and from time to time entered into settlements with him for his "nets" on the premiums collected for such insurance. This testimony supported the introduction of the written contract. The same character of testimony clearly supports the introduction of the net slips offered by appellee. These slips received by him from time to time through the mail constituted an accounting between appellant and appellee, recognized by both of them as reflecting the true condition of his account. As a witness in his own behalf, appellee had possession of the alleged libelous letters and offered them in testimony and as a witness in his behalf testified in detail how he acquired possession of these letters. The court received these letters as against the objection that their execution was not shown. Appellant did not bring forward in its brief a bill of exceptions wherein the court certified that the execution of the letters was not shown, nor is reference made in the brief to such a bill, nor does appellant cite pages from the statement of facts or bring forward statements from the statement of facts showing that the execution of the letters was not duly proven. It rests its assignment of error merely upon the objection as stated. The objection, or exception, without supporting facts is insufficient to constitute error. The record must disclose the facts upon which the exception was based.

█ It was not reversible error for the court on the hearing on the plea of privilege to receive evidence of republication of the libel by those to whom the letters were addressed. On the hearing on the plea of privilege the issue of republication was immaterial.

█ On the merits the trial court did not err in overruling appellant's general demurrer to appellee's petition. As we construe this pleading, it contains every essential element to constitute a cause of action for libel.

█ The court did not err in refusing to instruct a verdict for appellant on the theory that the evidence was insufficient to raise the issue of malice, as submitted to the jury by question No. 2. Appellee clearly established that appellant wrote the letters, as charged in his petition, that the statements therein contained were false, and that they

were received by Mr. Potts and Mr. Fields. The evidence was also sufficient to sustain the issue that, when the Potts and Fields applications for insurance were received by appellant, appellee was its duly authorized agent soliciting insurance for it in Shelby county. These facts were sufficient to raise against appellant the issue of actual malice and to support the jury's finding of malice in answer to question No. 2.

In libel and slander cases, though the reputation of the plaintiff is in issue, yet as a general rule his reputation is assumed to be good until the contrary is shown; and unless his reputation is impeached by the defendant's pleadings or testimony the plaintiff is not permitted to introduce evidence on that subject. Young v. Sheppard (Tex. Civ. App.) 40 S. W. 62; 27 Tex. Jur., Libel and Slander, § 90, p. 764, 765; 37 C. J., Libel and Slander, pp. 75–77. The following testimony given by appellee was not in violation of the general rule: "I have always conducted myself as a true and honest citizen of this county; I have at all times been free from the crime of swindling; I have been free of the offense of taking and receiving money under false pretenses; I have been free of the offense of false representation; I have been free of defrauding people by false representation; I have been free of representing myself as agent of parties whom I did not represent; I have been free of holding myself out as representing persons or corporations or associations whom I did not represent; I have been free from holding myself out as the representative of a person, corporation or association for the purpose of deceiving or defrauding other persons; I have been free from holding myself out as the representative of persons, corporations or associations for the purpose of pecuniary gain to myself or others." This testimony did not put in issue his general character, but merely rebutted the specific charges made against him by the libelous letters.

In his argument counsel for appellee made the following statement to the jury: "Consider for yourselves how you would feel about such statements if they were said about you." In open court, when made, this argument was objected to by appellant on the ground that it was "highly improper and inflammatory," and at request of counsel for appellant, quoting from the bill of exceptions, "the court then and there instructed the jury not to consider the remark complained of for any purpose, and furthermore, not to try

the case from their standpoint." We think the instructions of the court relieved the argument of error. In reaching this conclusion we have given careful consideration to Dallas Ry. & Terminal Co. v. Curtis (Tex. Civ. App.) 53 S.W.(2d) 85; Gulf, C. & S. F. Ry. Co. v. Carson (Tex. Civ. App.) 63 S. W.(2d) 1096; McClintic v. J. D. Young Corp. (Tex. Com. App.) 66 S.W.(2d) 676; Brown Cracker & Candy Co. v. Castle (Tex. Civ. App.) 26 S.W.(2d) 435; Dallas Ry. & Terminal Co. v. Smith (Tex. Civ. App.) 42 S.W.(2d) 794; Dallas Ry. & Terminal Co. v. Moore (Tex. Civ. App.) 52 S.W.(2d) 104; Security Union Ins. Co. v. Alsop (Tex. Civ. App.) 1 S. W.(2d) 921. The instruction of the court to the jury, we think, clearly takes this argument out of the rule announced by the cited cases.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.