**GILES et al. v. TEXAS EMPLOYERS' INS. ASS'N.**

No. 1394.

Court of Civil Appeals of Texas. Eastland.

Feb. 22, 1935.

Walter T. Thomason, of Wortham, for appellants.

Lawther, Cox & Cramer, of Dallas, for appellee.

HICKMAN, Chief Justice.

This suit was instituted by Mrs. Maude Giles for herself and as next friend of her minor children, as an action in the nature of a bill of review to set aside a judgment of dismissal rendered in the same court at a prior term thereof in a case in which compensation was sought for the death of John W. Giles, husband of appellant and father of her minor children. The only ground alleged for setting aside the former judgment was that the attorneys who were then representing her "conspired with defendant, and through fraud, accident or mistake" entered into an agreement to dismiss the suit. The case was submitted to the jury upon special issues by their answers to which it was determined: (1) That John W. Giles did not sustain personal injuries as alleged; (2) that his death did not result therefrom; and (3) that Mrs. Giles authorized her attorneys and the appellee herein to dismiss said suit. Upon these findings judgment was entered denying any recovery.

■ The record comes to this court without a statement of facts, and obviously we cannot sustain any assignment complaining of any fact finding made by the jury. All the assignments relate either to fact findings or to the admission or exclusion of evidence. The assignments complaining of the rulings of the trial court in admitting or excluding evidence show no error, in the absence of a statement of facts. We have examined each of these assignments and the bills of exceptions, and, from the nature of the evidence sought to be introduced and that introduced over objection, it is apparent that it would be impossible to determine whether the court erred to the prejudice of the appellants by its rulings thereon. With the record in this condition there is nothing presented for our consideration. Atchison, T. & S. F. Ry. Co. v. Lochlin, 87 Tex. 467, 29 S. W. 469; Torrey v. Cameron, 74 Tex. 187, 11 S. W. 1088; Love v. Spencer (Tex. Civ. App.) 273 S. W. 883; Crossenburg v. Texas Emp. Ins. Ass'n (Tex. Civ. App.) 288 S. W. 1113; Treadwell v. Borchers (Tex. Civ. App.) 289 S. W. 75; Day v. Gulf, C. & S. F. R. Co. (Tex. Civ. App.) 297 S. W. 501.

■■ It seems to be appellants' view that the authority of their attorneys was derived through a written contract and that it was the duty of the trial court to construe that contract in such a way as to deny to such attorneys the authority to enter into the agreement of dismissal. They refer us to their petition for the nature and provisions of this contract. We cannot consider the petition for that purpose, and, in the absence of a statement of facts, we do not know that a contract ever existed. Besides, regardless of how the contract, if it existed, should be construed, the jury has found authorization to dismiss the suit. In support of that finding we would presume that sufficient evidence,

independent of the contract, was offered on that issue.

The judgment of the trial court will be affirmed.