## EX PARTE JULIUS KLUGSBERG.

Motion No. 12,190.   Decided October 26, 1935.
Rehearing overruled November 13, 1935.
(87 S. W., 2d Series, 465.)

*Everett L. Looney,* of Austin, for relator.

Trial court did not have jurisdiction to adjudge relator guilt of contempt.   Ex Parte Travis, 123 Texas, 480, 73 S. W. (2d)  487.

That lien did not attach to relator's money and accounts. In re White Sar Refining Co., 74 Fed. (2d) 269.

MR. JUSTICE CRITZ delivered the opinion of the court.

This is an original application for writ of habeas corpus by Julius Klugsberg. The record before us is rather meager, but we deduce therefrom that the State through its Attorney General has sued relator, operating and doing business under the trade name "Texas Candyland," in the 126th District Court of Travis County, Texas for taxes under our State Cigarette Tax Law, Article 7047c, 1935 Pocket Supplement, Vernon's Annotated Civil Statutes, 1935, Original Acts, 1931, 42d Legislature, Chapter 73, and that on the application of the state the district court on September 17, 1935, appointed a receiver, who was ordered and directed to take charge of and possess all the properties of the relator set out in the plaintiff's petition, and further ordered and directed such receiver to possess and take charge of any and all assets belonging to relator "that are employed in the prosecution of defendant's intrastate cigarette business and to hold the same pending further orders of this court." This order also contains certain other matter not necessary to set out here.

After the above order was entered, and while it was in full force and effect, relator, in wilful violation thereof, caused a check for $600.00, signed by him in blank, to issue and be forwarded to his agent, for the purpose of being filled out by said agent to draw the funds of relator from a certain bank. Such check was filled out by the agent mentioned, and the funds were drawn out of such bank and thereby placed beyond the power of the receiver to possess them, when he could have done so had relator not committed the act aforesaid. Also, after the above receivership order was entered, relator, in willful violation thereof, collected from a party owing him the sum of $390.24.

We presume, for the purposes of this opinion, that the above bank deposit, and the indebtedness collected and appropriated by relator, as aforesaid, represented property devoted to and used by relator in carrying on and conducting his intrastate cigarette business here involved.

After the commission of the above acts the receiver made demand on the relator for the money above mentioned, and on his refusal to deliver, relator was duly cited, tried, and committed to jail for contempt. The contempt order in effect confines relator to jail for three days, and until he shall purge

himself by delivering to the receiver the above-named sums of money.

.. In this connection, however, it appears that the contempt order was entered and relator committed to jail after he had perfected his appeal to the Court of Civil Appeals from the order appointing the receiver. Such appeal, however, was by appeal or cost bond only, and not by supersedeas.

■ The record is before us without a statement of facts, and, therefore, for the purposes of this opinion, we must assume that the findings in the contempt judgment, express and implied, are true, and that the property here involved was devoted to and used by relator in his business as an intrastate cigarette distributor; and, further, that such property was used in carrying on such business. We further assume that relator willfully violated the receivership order. Also, we assume any other fact proper and necessary to sustain all orders here involved.

If we correctly interpret this record, relator contends that the order holding him in contempt and committing him to jail is absolutely null and void for three reasons:

1. Because the receivership order did not empower or authorize the receiver to take charge of the property here involved.

2. Because after relator had perfected his appeal to the Court of Civil Appeals by cost bond, and while such cause was pending in the last-named court, the district court had no jurisdiction to punish him for contempt for violating the receivership order.

3. Because the record does not show that relator is able to pay over such sums of money to the receiver.

It appears to us that the receivership order is so worded as to cover all of the properties embraced by Section 8 of Article 7047c, supra. Whether such order covers the properties here involved, therefore depends on whether they are embraced within the terms of the statute. The statute, omitting parts not germane here, reads as follows:

"All taxes, penalties, and cost of auditing * * due * * by any distributors to the State shall be and become a preferred lien * * upon all the property of any distributor, devoted to or used in his business as a distributor, which property shall include manufacturing plants, storage plants, warehouses, office buildings and equipment, trucks, cars, or other motor vehicles or any other equipment devoted to such use, and

each tract of land on which such manufacturing plant, storage plant, warehouse, office building or other property is located, and other tangible property which is used in carrying on such business, and in addition thereto any and all cigarettes and stamps of said distributor. * * *"

■ Simply stated, relator contends that the above statute does not operate to give the State a lien on money on hand and in bank and accounts receivable, even though such money and accounts were devoted to and used by him in his business as an intrastate cigarette distributor, and even though such properties were used by relator in carrying on such business. We overrule this contention. We think that the statute above quoted is amply sufficient to give the State a lien on the properties here involved to secure it in the payment of these taxes, if they were devoted to and used by relator in his intrastate business, or used in carrying on such business.

Relator cites the case of In re White Star Refining Company, 74 Fed. (2d) 269, in support of his contention that this statute does not cover these properties. The case just mentioned is by the Circuit Court of Appeals for the Fifth District at New Orleans, and construes Section 7, Chapter 44, Acts 43d Legislature, 1933. That Act has since been amended, and no good purpose could be served by a discussion of it here. It is sufficient to say that we think that the construction we have given this Act is not in conflict with the holding in the White Star Refining Company Case.

■ We also overrule relator's contention that the district court was without jurisdiction to punish him for contempt for violation of the receivership order after he had perfected his appeal therefrom by cost bond to the Court of Civil Appeals. Our statute, Article 2250, R. C. S., 1925, provides that an appeal may be taken from an interlocutory order of the district court appointing a receiver; but this statute also expressly provides that "the proceedings in the court below shall not be stayed during the pendency of the appeal, unless otherwise ordered by the appellate court: * * *." Manifestly the power to proceed given the district court by this statute includes the power to proceed with the receivership, and the power to proceed with the receivership carries with it the implied power to enter such orders and decrees as are necessary and proper to enforce the express power given. Of course, had the appeal been by supersedeas, a different question would be presented. Shell Petroleum Corporation v. Grays, 122

Texas, 491, 62 S. W. (2d) 113. At this point we desire to say that we understand from this record that the Court of Civil Appeals has expressly refused to interfere in this matter.

Relator cites the case of Ex Parte Travis, 123 Texas, 480, 73 S. W. (2d) 487, by Judge Greenwood, as supporting his contention of a lack of jurisdiction in the district court to punish him for contempt in this case. We think the opinion in that case announces a correct rule of law, but it has no application here, if for no other reason, because of the express provisions of Article 2250, supra.

■ We also overrule relator's contention that this contempt order is void because the record does not show that he is able to make restitution. If the law required such a showing, we would presume it was made, in the absence of a statement of facts. Also, this record shows that relator put himself in contempt of this receivership order by his own willful act. Such being the case, he will not now be heard to say that he cannot make restitution as required by the contempt order.

This judgment is not in violation of our general contempt statute, Article 1911, R. C. S, 1925. This statute fixes a maximum punishment for contempt at a fine not exceeding $100 and imprisonment not exceeding three days. The punishment portion of this judgment is confinement in the county jail for three days. The portion of such judgment which requires that relator be kept in jail until he purges himself by making restitution is no part of the punishment. 9 Texas Jur., p. 610, Sections 24, 25, and 26, and authorities there cited.

■ In conclusion, we wish to say that we have considered this application only because it appears upon its face that relator has already applied to the Court of Civil Appeals for relief, and that that court has declined to interfere. We think the Court of Civil Appeals acted correctly.

The writ of habeas corpus here prayed for is refused.

Opinion delivered October 30, 1935.

Rehearing overruled November 13, 1935.