## AMERICAN PUB. CO. v. HOLLAND.

### No. 8213.

Court of Civil Appeals of Texas. Austin.

Dec. 18, 1935.

Rehearing Denied Jan. 8, 1936.

Thos. C. Ferguson, of Burnet, and Samuels, Foster, Brown & McGee, of Fort Worth, for appellant.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege seeking to change the venue to the county (Travis) of appellant's residence. The suit is one for damages for publication of an allegedly libelous article concerning appellee in "The Austin American," a newspaper published in Travis county and alleged to be owned by appellant. No proof was offered upon the fact of such ownership, which omission forms the basis of appellant's assertion of reversible error.

While the issue thus raised has been the subject of much conflict of opinion among the several Courts of Civil Appeals, we believe the recent decision in Farmers' Seed & Gin Co. v. Brooks (Tex.Com.App.) 81 S.W.(2d) 675, 679, is decisive of this conflict. The principle there decided is embodied in the following quotation from the opinion: "The burden resting upon plaintiff under his controverting plea is to prove, not his case, but 'that the case is within one of the exceptions' to the statute."

The specific question in that case was whether, in a suit upon a written contract promising performance in the county where the suit was filed, it was necessary, in order to support venue there, to prove a breach of the contract. This question was answered in the negative.

Cited with approval is Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.(2d) 810. That decision is, we believe, directly in point here. That was a suit upon a promissory note payable in the county where the suit was filed. Plaintiff was not the original payee of the note, and there was no proof that it owned the note. The holding was that this was an issue affect-

ing only the merits of the case, and had no relation to the issue of venue.

■ So here, whether appellant owned "The Austin American'" had no relation to the issue of venue, but was an essential element to appellee's cause of action. If not proved in the trial upon the merits, the judgment must be for appellant whether the case was tried in Travis or Burnet county, or elsewhere.

■ The sole essentials to maintain venue in Burnet county were that (1) the suit was one for libel and (2) appellant resided in Burnet county when the cause of action arose. R.C.S. art. 1995, subd. 29; Houston Printing Co. v. Tennant (Tex.Civ.App.) 76 S.W.(2d) 762. These essentials were established either by proof or admission at the hearing.

The order appealed from is affirmed.

Affirmed.