## BLANTON v. GARRETT et al.*

### No. 1842.

Court of Civil Appeals of Texas. Eastland.
Nov. 11, 1938.

Rehearing Denied Feb. 3, 1939.

*Upon a decision of the Court to certify questions to the Supreme Court, an order overruling appellee's motion was set aside, and final action postponed awaiting answers to certified questions.

Thomas L. Blanton, Jr., of Albany, for appellant.

Turner, Seaberry & Springer, of Eastland, and Martin & Shipman, of Abilene, for appellees.

LESLIE, Chief Justice.

Thomas L. Blanton, Sr., instituted this libel suit for damages in Taylor County, Texas, against Clyde L. Garrett and J. W. Cockrill. The plaintiff alleged that the defendants "with malicious intent and purpose, through concert of action" conspired and agreed with each other to defame him by libelous publications, etc.

Each defendant filed a plea of privilege to be sued in Eastland County, the place of his residence. Plaintiff filed a controverting affidavit, seeking to hold the venue of the case in Taylor County under exception 29 to the general venue statute, Art. 1995, R.S.1925. A trial was had before the court and jury on the issues arising out of the pleas of privilege and controverting affidavit. At the conclusion of the testimony several issues were submitted to the jury and upon the jury's answers thereto the court rendered a judgment sustaining the pleas of privilege and ordering a change of venue. The plaintiff filed a motion for new trial which was overruled, and he prosecutes this appeal, assigning 41 errors alleged to have been committed in the trial.

The general nature of the verdict is to the effect that the defendants (appellees) never entered into any conspiracy, malicious or otherwise, to defame the plaintiff Thomas L. Blanton; that the defendants, neither jointly nor severally, published, or caused to be published the articles complained of and that such articles were privileged within the meaning of the law in that they were each a fair comment or criticism of the official acts of a public official or matters of public concern published for general information.

We conclude that the plaintiff's pleadings sufficiently alleged his residence to be in Taylor County at the time the cause of action is alleged to have accrued, and that his first amended original petition, as well as the controverting affidavit sufficiently presents such "residence fact" and a cause of action for damages based upon an alleged "libel."

If we correctly interpret the plaintiff's theory of the case, it was only necessary for his proof to establish the fact of residence in order to entitle him to a verdict and judgment. That the nature of the suit being one for libel, that fact was ascertainable from an examination by the court of the plaintiff's petition, and that it was unnecessary upon the trial of the privilege question to establish by the testimony that the alleged libel had in fact been committed.

It is a correct proposition that in determining the nature of the cause of action, it is only necessary to look to the allegations of the plaintiff's petition in order to determine the nature of the suit. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. However, where there is any other alleged venue fact to be established it cannot be proved by the allegations of the petition or the controverting affidavit, and in every such case the burden is upon the plaintiff not only to allege but to establish by competent testimony the existence of the venue fact or facts alleged. The authorities are numerous to this effect, and the rule is applicable to libel cases falling under exception 29 to the general venue statute. Thompson v. Duncan, Tex.Civ. App., 44 S.W.2d 508; American Pub. Co. et al. v. Rogers, Tex.Civ.App., 65 S.W.2d 801; Independent Life Ins. Co. v. Hogue, Tex.Civ.App., 70 S.W.2d 629; American Fruit Growers Inc. v. Sutherland, Tex.Civ. App., 50 S.W.2d 898; Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49

S.W.2d 933; Highway Motor Freight Lines et al. v. Slaughter, Tex.Civ.App., 84 S.W.2d 533; Jones et ux. v. Womack-Henning & Rollins, Tex.Civ.App., 53 S.W.2d 635.

Thompson v. Duncan, supra, was a suit for damages based on libel. In the course of the opinion the Dallas Court of Civil Appeals, through Judge Looney, said in part [44 S.W.2d 509]: "The allegations of the contesting affidavit are doubtless sufficient to raise that issue, and, while plaintiff made satisfactory proof that he resided in Dallas county on September 27, 1929, and continuously thereafter, no proof was offered showing, or tending to show, that he was slandered or libeled on that or on any other date."

Further on in the opinion this statement occurs: "It is evident, therefore, that there exists in each libel or slander suit an element of fact that determines proper venue that does not exist in cases controlled by subdivision 14 [suits for land]; consequently the burden rested upon plaintiff to allege and prove, at least prima facie, a cause of action—in other words, that he had been libeled or slandered, and at the time resided in the county where he filed the suit. To bring the instant case within the exception to exclusive venue provided in subdivision 29, plaintiff should have alleged in his contesting plea these essential facts, and made proof of same, and for this purpose was not permitted to rely on the allegations of either petition or contesting affidavit, but should have made proof aliunde."

In American Pub. Co. v. Rogers, supra, the Texarkana Court of Civil Appeals, in its discussion of the elements of a libel case used this language [65 S.W.2d 803]:

"Although, as above stated, the petition of the plaintiff must be considered by the court for the purpose of determining the legal nature or character of the suit, yet, as against a plea of privilege, the allegations alone of the petition cannot be relied upon by the plaintiff as constituting prima facie proof of his right to bring the suit in the first instance in a particular alleged county. * * *

"There was proof made by the plaintiff upon the hearing of the plea of venue, of the alleged publications in the newspaper, of the matters defamatory, and of the plaintiff's residence in Fannin county at time of the accrual and the filing of the action. There was prima facie proof of

defamation and of concern of both defendants with the publication of the report and the defamation. A copy of the newspaper published on the alleged dates by the publishing company was introduced in evidence, and the very publications alleged appeared therein."

In Independent Life Ins. Co. v. Hogue, supra, the Beaumont Court of Civil Appeals said [70 S.W.2d 631]: "In support of his venue appellee pleaded by his controverting affidavit that he was a resident citizen of Shelby county when his cause of action accrued, as required by subdivision 29, article 1995, R.C.S.1925, and *facts constituting a cause of action for libel.* He clearly sustained the allegations as to his residence. In support of his cause of action for libel he offered in evidence the written contract of agency pleaded by him, certain 'net,' slips showing an accounting for the insurance written by him for appellant, the letters pleaded in his petition as the basis for the libel, and that he had secured these letters from Mr. Potts and Mr. Fields. *The testimony thus summarized constituted a prima facie case* for libel." (Italics ours.)

The authorities noted announce and apply the same rules of law. We find that the opinion in Thompson v. Duncan, supra, has been generally cited with approval, and we think that the correctness of that opinion is fully confirmed by the more recent opinion of our Supreme Court in Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91, where it was held in a suit for malicious prosecution, where venue was predicated upon the alleged commission of a crime (exception 9, crime or trespass) it was necessary for the plaintiff to plead and prove that the crime was in fact committed in the county alleged in order to sustain the venue where the suit was filed. That the same principal of law and rules of construction employed in the Compton-Elliott case would obtain in this one (coming under exception 29) is all the more reasonable, since the Penal Code of this State, Art. 1269, Vernon's Ann.Penal Code, makes libel an offense, and exception 9 to the venue statute pertains to crime or trespass when civil remedies are sought to be applied.

This court has at different times found occasion to cite and follow the opinion in Compton v. Elliott. In Texas Coca Cola Bottling Co. v. Kubena, 90 S.W.2d 605, 606, it is said by this court in an opinion by

Judge Funderburk: "It would seem that if it be necessary to prove all elements of a crime as a part of the proof that a crime was committed in a particular county, it will be equally necessary to prove all elements of a cause of action as a part of the proof that the cause of action, or a part thereof, arose in a particular county. The effect of the holding in the Compton v. Elliott Case, supra, is that it is not sufficient to show by the evidence that a transaction which is alleged to constitute a crime or offense occurred in the county where the suit is pending, but must go far enough to show that such transaction was a crime or offense. Just so, we think, in this case, it was not sufficient to show by the evidence that a transaction alleged to constitute a cause of action occurred (arose) in whole or in part in the county where the suit was pending, but must include evidence to show that the transaction constituted a cause of action. Any attempted distinction we think would be hairsplitting and without any solid foundation in principle."

To the same effect, though a different state of facts, is Ramey v. Cage, Tex.Civ. App., 90 S.W.2d 626.

We are not aware of any authorities in conflict with the conclusions here expressed. The plaintiff cites American Pub. Co. v. Holland, Tex.Civ.App., 89 S.W.2d 286, which he thinks sustains the proposition that it was only necessary for him to establish his residence under proper allegations and proof in connection with sufficient pleadings to present a cause of action based upon libel. We are not inclined to believe the authority supports plaintiff's proposition. That opinion is brief and in the last paragraph it states: "The sole essentials to maintain venue in Burnet County were that (1) the suit was one for libel and (2) appellant resided in Burnet County when the cause of action arose. * * * These essentials were established either by proof or admission at the hearing."

If we understand this opinion, it is not contrary to our conclusions in this case that a part of the proof of the essential venue facts includes the proof of facts to constitute a cause of action.

■ In arriving at a correct solution of the propositions presented in this case we find that at the threshold of this case that the appeal is presented to this court without a duly authenticated statement of facts. It is true the official court re-

porter, under order of the trial court, has transmitted by "sealed envelope seven printed exhibits referred to by number in the court's charge to the jury" (presumably in issue No. 4 and so identified by the reporter), but there is in connection with such instruments no character of stenographer's report of the voluminous evidence —stated to cover some three thousand pages. There is no identification of these exhibits in a stenographic report for there is no stenographic report of the evidence. The documents thus tendered to this court do not constitute a statement of facts as required by law. Campbell v. Chapman, Tex.Civ.App., 43 S.W.2d 315; Payne v. City of Perryton, Tex.Civ.App., 48 S.W. 2d 497; Continental Supply Co. v. Forrest E. Gilmore Co., Tex.Civ.App., 55 S.W.2d 622; Shelor v. Humble O. & R. Co., Tex. Civ.App., 103 S.W.2d 207.

Obviously, the evidence is not presented to this court either by a statement of facts in the usual form, or bills of exception. In Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896, 898, our Supreme Court said:

"If the evidence submitted on a plea of privilege be brought before the appellate court in either a bill of exceptions or a statement of facts, we are sure it should be considered. * * *

"It can hardly be said that defendant in error failed to take a bill of exceptions. He preserved in the record all that transpired in the court below when his plea of privilege was heard and sustained, and when it was heard and overruled, in the order on the minutes and in what is termed a statement of facts, both authenticated by the trial judge. *Not only does the statement of facts show all the evidence introduced in support of, and against, the plea, and the court's action thereon,* but it also shows, by express reference to the order overruling the plea, the exception to the court's ruling as reserved in open court." (Italics ours.)

■ When a record comes before this court without a statement of facts in any duly authenticated form, we cannot sustain any assignment of error complaining of any fact finding made by the jury, or any ruling of the court made on the admission or exclusion of testimony. Giles v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 79 S.W.2d 931; Cosey v. Supreme Camp, etc., Tex.Civ.App., 103 S.W.2d 1076; Burgess v. Young County Abst. & Title Co., Tex.Civ.App., 145 S.W. 643; Mallow v.

Raynes, Tex.Civ.App., 188 S.W. 23; Lumpkin v. Blewitt, Tex.Civ.App., 111 S.W. 1072; Guerra v. Guerra, Tex.Civ.App., 158 S.W. 191. In this last case the court said: "The first and second assignments complain of the overruling of the plea of privilege. The order overruling the plea of privilege recites that evidence relating thereto was heard. There is no statement of facts in the record, and while certain letters are copied into the transcript, two of which were filed on the date of said order, yet we have no means of knowing that other evidence was not introduced. There being neither a statement of facts nor a bill of exceptions, it will be presumed that the allegations of his plea of privilege were not established by the evidence." Citing many authorities.

■ Our Supreme Court has many times held that in the absence of a statement of facts it will be presumed that the judgment is supported by the evidence. Anchor v. Wichita County Water Imp. Dist., 129 Tex. 385, 103 S.W.2d 135, 112 A.L.R. 70, affirming 123 Tex. 105, 66 S.W.2d 657; Wedgworth v. Smith, Tex.Com.App., 213 S.W. 254; Ex Parte Klugsberg, 126 Tex. 225, 87 S.W.2d 465; Robinson v. Lynch Davidson, Tex.Civ.App., 1 S.W.2d 677.

■ Notwithstanding the absence of a statement of facts we have examined the record before us with a view of determining whether or not there is presented fundamental error which should reverse the judgment of the trial court. We discover no such error. It is obvious that the jury verdict, in addition to finding that the defendants did not conspire to defame plaintiff, also acquitted the defendants, jointly and severally, of any connection with the publication of such exhibits (embraced in issue 4) as were found to be untrue. In that respect, the verdict finds the defendants, neither jointly nor severally, participated in the publication of said articles; that they entertained no malice toward the plaintiff; that they were free of any intent to defame him or charge him with personal dishonesty; and in response to the last issue submitted found that if the defendants, jointly or severally, were responsible for the publication of said articles, or any of them "each was a fair comment or criticism of public officials or matters of public concern published for general information."

■ Such, at least, is the record as presented. Without a statement of facts, an appellate court cannot legally know what the exhibits referred to in issue No. 4 contained, or the legal effect or significance thereof. Campbell v. Chapman, supra. Neither can it be said that the plaintiff established by proof each of the venue facts. Presumptively he did not and the plea of privilege was correctly sustained.

Upon the question of fundamental error as relating to the instant record, see Texas & P. Ry Co. v. Lilly, 118 Tex. 644, 23 S.W.2d 697.

We find it unnecessary to discuss each of the numerous assignments of error. The conclusions above expressed necessarily overrule many of them. Some not so overruled become immaterial under the views expressed, and others are without merit when tested by the record. It is not shown that the trial court erred in the rendition of the judgment.

For the reasons assigned the judgment of the trial court is affirmed.

### On Motion for Rehearing.

We have carefully considered the appellant's motion for rehearing in this cause, and have concluded to overrule the same. In doing so, we take occasion to insert in the original opinion the words "or bills of exception" inadvertently omitted from a sentence. The sentence reading "When a record comes before this court without a statement of facts in any duly authenticated form" etc., will be changed to read as follows: "When a record comes before this court without a statement of facts or bills of exception in any duly authenticated form, we cannot sustain any assignment of error complaining of any fact finding made by the jury or any ruling of the court made on admission or exclusion of testimony."

What is said in this connection in the original opinion relates especially to the testimony, if any, adduced upon the issues arising out of the trial of the plea of privilege. Other points preserved on that trial and perpetuated in proper bills of exception with assignments predicated thereon have been duly considered and overruled as stated in said opinion.

The motion for rehearing is overruled.