Ex parte George Monroe SAVELLE, Jr.
No. A–10927.

Supreme Court of Texas.
Jan. 26, 1966.

Joe B. Savelle, Houston, for relator.

Frank C. Herzog, Houston, for respondent.

GRIFFIN, Justice.

In a prior divorce hearing, relator had been ordered to pay to Billie Nell Smith, his former wife, the sum of $150.00 per month for the support and maintenance of his four minor children. In that divorce action, the custody of the children was awarded to their mother, Billie Nell Savelle, now Billie Nell Smith.

On June 3, 1965, Billie Nell Smith filed in the court granting the divorce a complaint alleging that relator was two months in arrears in his support payment. A show cause order was duly served on relator and a hearing had on the complaint July 12, 1965. After having heard the evidence of all parties and their witnesses, the trial judge entered his order holding relator guilty of contempt and ordering him confined in the Harris County jail in accordance with such order.

The pertinent parts of the order are as follows:

"It is accordingly so ORDERED, ADJUDGED AND DECREED by the Court that the said George Monroe Savelle, Jr. be and is hereby held guilty of contempt of Court by reason of his failure and refusal to make the payments of child support in defiance of the terms of the decree hereinabove referred to, and his punishment for such contempt is here fixed by assessing against him a fine of $————— and committing him to the County Jail of Harris County, Texas for 30 (thirty) days, and it is further ordered that the said George Monroe Savelle, Jr. pay the sum of $300.00 as child support payments due in May and June, 1965, to Billie Nell Smith, and also by paying all costs incurred herein, and upon such payments and sentence, said George Monroe Savelle, Jr. shall be released from custody. LET, THEREFORE, commitment issue to the Sheriff of Harris County, Texas, accompanied by a certified copy of this judgment."

The order attempts to confine relator in jail for "30 (thirty)" days as

punishment for contempt. Art. 1911, Vernon's Ann.Texas Civil Statutes, provides that the "district court may punish any person guilty of contempt * * * and by imprisonment not exceeding three days." Therefore, the trial judge had no authority to order confinement for a longer period than three days. The record shows that relator was taken into custody July 13, 1965, and released July 19, 1965, so he has already served his three days and the excess above the three days is not a valid and binding order.

Relator contends that the trial judge had no authority to provide that he pay the sum of $300.00 (the amount of his arrears) before he can be released from confinement; also, relator has the same complaint as to his being held in jail until he shall pay the court costs which include attorney's fees.

■ We do not sustain this contention. The case of Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184 (1953) discusses both of the above contentions, and held the trial court had power to require a defaulting parent to remain in jail until he had paid both the attorney's fees assessed as costs and the sum of $5850.00 delinquency. In addition to the case of Ex parte Davis, 101 Tex. 607, 111 S.W. 394, 17 L.R.A.,N.S., 1140, cited by this Court in the Helms case, supra, see also the case of Ex parte Adair (Tex.Civ.App., 1949), 222 S.W.2d 324, no writ history. That court quotes the following excerpt from the case of Ex parte Tinsley, 37 Tex.Cr.R. 517, 40 S.W. 306, 311, 66 Am.St.Rep. 818, as follows:

" * * * 'If, under this statute, it was given to a party to refuse to obey the orders of a court by merely submitting to a fine of $100 and three days' imprisonment, and then go free, still contumacious of the order of the court, the court would be rendered powerless to enforce its orders. * * * So far as the statute with reference to punishments for contempt is concerned, that

is a mode of enforcing the rights of the court and of preserving its respect and dignity. It is a punishment. The other is not a punishment, but a specific mode of enforcing a particular duty.' See also Ex parte Klugsberg, 126 Tex. 225, 87 S.W.2d 465; 9 Tex.Jur. sec. 26, p. 611." (Tex.Jur. citation now is 12 Tex.Jur.2d 511–512, Sec. 33–34.)

The order entered in the case at bar is a finding against the relator of a deficiency, to-wit, his failure to pay the child support payments for the months of May and June, 1965, as provided by a previous decree of the court in the divorce proceeding. The court further provides in its judgment that upon the payments and serving the sentence of thirty (30) days in jail, he shall be released from custody.

■ This order differs from the order entered in Ex parte Savelle, Jr., Tex.Sup., 392 S.W.2d 113 (1965), and the order entered in Ex parte Proctor this day handed down by this Court (398 S.W.2d 917). The opinion in the Proctor case points out wherein the order in that case was insufficient to legally justify the contempt order against Proctor for failure to make the support payments ordered in the contempt judgment. In the case at bar the court found Savelle in arrears for child support payments theretofore ordered, and the order shows that the amount he was required to pay to be released from jail was such arrearage or a part thereof. The Proctor case also discusses the requisite of a contempt order that will justify holding a relator in contempt.

See also Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957), wherein an attempt was made by a divorced wife to reduce the amount of her former husband's delinquencies in child support and maintenance payment to a judgment against the husband. This attempt was denied on the ground that the enforcement of such delinquencies could be had only by contempt action.

Relator complains that he is unable to make the payments, and therefore he cannot be held in custody for failure to do so. There is no statement of facts accompanying this record. The trial judge by his order impliedly found that relator was able to make the payments. In the absence of a statement of facts, we must presume that the trial judge's finding was supported by evidence in the record. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860 (1952); Ex parte Wagner and wife, Tex. Sup., 368 S.W.2d 185–189 (1963).

Relator is remanded to the custody of the Sheriff of Harris County, Texas.

SMITH, J., notes his dissent.