### SMITH et al. v. HIGGINBOTHAM et al.
### No. 13642.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 10, 1937.

Rehearing Denied Jan. 28, 1938.

J. Frank Wilson and George C. Cochran, both of Dallas, for appellant.

Read, Lowrance & Bates, of Dallas, for appellees.

SPEER, Justice.

This appeal involves a construction of article 2236, Rev.Civ.Statutes, which provides for a review of judgments rendered in causes where citation is had by publication.

On September 4, 1935, J. M. Higginbotham, Jr., and J. L. Higginbotham, trustees, sued Dora Smallwood individually and as community survivor of herself and her deceased husband, C. H. Smallwood, and the unknown heirs, legatees, and devisees, if any, of said C. H. Smallwood, deceased, on a note dated April 29, 1928, for $1,000, due three years after date, with interest and attorneys' fees, and to foreclose a deed of trust lien, on certain real estate situated in the city of Dallas, Dallas county, Tex., described in the petition.

Process was served on Mrs. Dora Smallwood, and the unknown heirs, devisees, and legatees of C. H. Smallwood, deceased, were cited and served by publication.

On November 7, 1935, the cause came on for trial, and defendant Dora Smallwood having failed to answer or otherwise appear, the court appointed an attorney ad litem to represent the interests of defendants cited by publication, and having answered for those defendants, judgment was entered for plaintiffs against Dora Smallwood individually and in the capacity in which she was sued, for the amount shown to be unpaid on the note, with interest and attorneys' fees, and against all defendants for a foreclosure of the lien as prayed for.

An agreed statement of the evidence proved at the trial was filed as provided by article 2158, Rev.Statutes, and the petition, process, statement of facts proved, and the judgment entered are brought here in the transcript.

On April 30, 1936, Irene Smith, joined pro forma by her husband, filed what she termed a "bill of review" in said cause, which was thereafter correctly treated by the court and all parties as a motion for new trial. By this motion Irene Smith alleged that she was an heir at law of C. H. Smallwood, deceased, and had an interest as such heir in his estate; that she was not served with process in said cause, except by publication; that she had not previously appeared in said cause, and knew nothing about the pending suit until about April 11, 1936; she asked that the judgment theretofore rendered on November 7, 1935, be set aside and that a new trial be granted; she alleged she had a meritorious defense to the cause of action pleaded therein, and could and would defeat the same if an opportunity be given for her to present it to the court; she alleged the judgment rendered was void and should be set aside for the following reasons:

1. Because the affidavit to the petition, by which citation by publication was had, was made by one of the attorneys of record wherein he swore he was attorney for Higginbotham trust and did not show he was the attorney of the named plaintiffs as trustees.

2. Because the petition did not allege the note sued on was executed by the applicant or Dora Smallwood.

3. Because the petition did not allege that plaintiffs either as trustees or as individuals were the owners of the note

sued on or that they had authority as such trustees to prosecute the suit.

4. Because the petition did not disclose the name of the person, persons, corporation, or other beneficiary for whom they were trustees.

5. Because the note sued upon and upon which judgment was rendered, as disclosed by plaintiffs' petition, was barred by the statutes of limitation, Vernon's Ann. Civ.St. art. '5527; that the petition declared upon a note dated April 29, 1928, due three years after date; and that the suit was instituted on September 4, 1935, more than four years after the maturity thereof.

6. Because the statement of the evidence adduced upon the trial, and upon which judgment was rendered, shows that the note sued on was not introduced in evidence but that only a note for $1,000, dated April 29, 1932, was introduced in evidence, and that no such note was pleaded by plaintiffs, and that such evidence would not support a judgment under the pleadings.

Other reasons were assigned why the judgment should be set aside, such as that the note sued on was void because it violated the usury law of this state. We think it unnecessary to go farther into these grounds as pleaded in the motion.

The movant pleaded that plaintiffs' petition was subject to a general demurrer for the reasons shown and that upon another trial the court would so hold; that if given an opportunity she would urge all the defects shown in the pleadings of plaintiffs, and would plead the statutes of limitation to the note sued on and would, in the alternative, show the alleged obligation was fully paid.

On May 16, 1935, plaintiffs filed a general demurrer and a general denial to the motion for new trial, and on July 21, 1936, the plaintiffs (J. M. and J. L. Higginbotham, trustees) filed an amended answer to the motion, by the terms of which answer was made to all the grounds set out in the application for new trial. The answer indicated that the motion would be contested as if it were a bill of review, as provided by law.

On October 20, 1936, the motion was called for trial and all parties appeared, and the court found, as shown by the judgment, that the proponents of the motion announced in open court that the action was for a new trial, as provided under article 2236, Rev.Civ.Statutes, and not an equitable bill of review; that the court had considered the contents of the motion, its status as to time of filing and the argument of counsel; that it appeared the motion was filed on April 30, 1936; that citation had been issued and served; that plaintiffs had appeared and answered at the term of court to which the process was returnable; that two terms of court had passed since the filing of the motion, and at the third term after its filing, it was urged for the first time, and that because of said facts the motion was overruled by operation of law at the end of the term of court to which it was returnable and at which term the plaintiffs appeared and answered. Therefore, the court entered his judgment, refusing to grant the relief prayed for. The movant excepted to the judgment and gave notice of appeal to the Fifth Supreme Judicial District Court of Texas and, by order of the Supreme Court, the appeal has been transferred to this court for determination.

As we view it, the sole issue for our consideration is whether or not this motion for new trial made under the provisions of article 2236 is controlled by article 2092, subdivisions 29 to 31, and subdivision 28, as amended by Acts 1930, 5th Called Sess., c. 70, § 1, Vernon's Ann. Civ.St. art. 2092, subd. 28, of the Special Practice Acts for district courts in counties such as Dallas.

For convenience, we shall refer to Irene Smith as appellant and to the Higginbothams, trustees, as appellees.

All parties, in their respective briefs, admit they are unable to find any case in which the precise question has been determined, and after diligent search we have been unable to find one.

By article 2092, subd. 28, supra, it is provided that a motion for new trial filed during one term of court may be heard and acted on at the next term. Also that if any case or other matter is in process of hearing when a term expires, the court may proceed with it at the next term. It further provides: "No motion for new trial or other motion or plea shall be considered as waived or over-ruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by

agreement of the parties with leave of the court."

Article 2236, Rev.Civ.Statutes, provides, among other things, that in cases where judgment has been rendered on service of process by publication and the defendant has not appeared in person or by attorney of his own selection: "The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases."

Our courts have drawn a distinction between the equitable bill of review as against a previously rendered judgment under process served upon the defendant, and a similar action on a judgment rendered when process was by publication. In the former, such actions are docketed separately from the action sought to be reviewed, and are tried out on the issues made. In the latter class, that is, those motions filed under article 2236, supra, they are treated as motions for new trials in the original case, and are filed in that case and heard as a part of it, irrespective of how they are indorsed, styled, or docketed. It will be observed by the wording of article 2236 that the motion shall show "good cause." By this it is meant that the verified motion must show good cause why the movant did not appear at the trial and present his defenses shown by the motion to exist. Dennis v. McCasland, Tex.Com.App., 97 S.W.2d 684; Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905, and many cases cited thereunder.

Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281, 282, was a case similar to the one under consideration. In referring to the motion, the court there said: "It was but a continuation of the original suit, and did not possess the character of an independent action in equity to review the judgment. While the petition was styled, under the statutory term, as a bill of review, it amounted to no more than a motion for new trial, permitted in such cases by virtue of the statute, to be filed and heard after adjournment of the term."

Further commenting on the nature of the motion and the "good cause" shown, the court said: "It was a defense, the presentation of which would have resulted in the rendition of a different judgment. They were denied the opportunity of making it through no fault of their own, as it does not appear that they had any knowledge of the pendency of the suit. Upon its assertion, therefore, and the tender into court in this proceeding of the amount due upon the note, sufficient cause was shown for the award of a new trial upon their petition. A liberal discretion should be employed in the granting of a new trial under this statute."

In the early case of Keator v. Case, 31 S.W. 1099, this court discussed some of the questions involved here. It was there held that the "good cause" required to be shown by the motion should set forth a state of facts which, if true, would have necessitated the rendering of a different judgment from what was entered. It was further held in that case that the allegations in the motion of such facts are not to be taken as true and the new trial granted or refused alone upon the motion, but that they could be controverted and evidence heard on the pleadings.

In the instant case, no testimony was offered in support of the motion; the record does not disclose that appellant had an opportunity to offer testimony; nor does it indicate any was tendered by her; but the judgment of the court recites in effect that he refused to grant the motion since it was overruled by operation of law at the end of a previous term of court.

We have no doubt but that if the facts alleged by appellant in her motion were true she showed "good cause." Nor do we doubt that if the trial court had thought it his duty to pass upon them, he too would have reached the same conclusion. Whether or not it did state "good cause" was a matter within the trial court's discretion, was held in Strickland v. Baugh, Tex.Civ.App., 169 S.W. 181, 184, writ refused, but it was there said: "Perhaps more liberality should be exercised in such instances in order to give the defendant an opportunity to be represented in person or by an attorney of his own selection." The trial court in this case did not exercise his discretion in the matter and we are not attempting to revise such.

As stated above, none of the authorities discuss the term of court at which such a motion as the one before us shall be disposed of, and we have no rule

laid down by which we may determine it. Liberality being enjoined by the Supreme Court in all matters pertaining to such a motion, as have been before it, by the same token we feel impelled to extend it in favor of the time for trying the issues thus made. Therefore, we hold that the trial court erred in refusing to hear the motion at the subsequent term when, as recited by the judgment, it then "came on to be heard," and sustain the assignments of error complaining of that action.

The judgment of the trial court is reversed, and the cause remanded for hearing on the motion in harmony with these conclusions.

Reversed and remanded.