SMITH et al. v. HIGGINBOTHAM et al.

No. 12894.

Court of Civil Appeals of Texas. Dallas.

May 25, 1940.

Rehearing Denied June 22, 1940.

J. Frank Wilson and George C. Cochran, both of Dallas, for appellants.

Read, Lowrance & Bates, of Dallas, for appellees.

YOUNG, Justice.

A previous trial of this cause was appealed and reference may be had to Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770, for facts concerning the parties and subject-matter, without necessity of restatement. A second trial was had in the January, 1939, term of the 116th District Court; the movant, or quasi-plaintiff, Irene Smith and husband, relying on their statutory motion for new trial, or self-styled "bill of review", filed April 30, 1936, to which the Higginbothams, Trustees, here designated defendants, filed second amended original answer on December 3, 1938. A motion to strike all of defendants' said affirmative pleading being overruled, a trial on the merits was heard to the court, who, after introduction of evidence, requested written briefs. The cause was then taken under advisement until March 28, 1939, when judgment was rendered granting new trial, but, on the whole case, in favor of the Trustees; that is to say, recovery was accorded appellees, foreclosing the vendor's lien originally retained on the property in the deed from the Security Home Company to the Smallwoods, renewed and kept alive in the note and deed of trust dated March 29, 1932, as fully described in the aforesaid amended original answer. The balance due on said note was established at $732.52 principal, $81.11 interest, and attorney's fees, with 10 per cent interest thereon from November 7, 1935 (time of first judgment). There was a further provision for order of sale.

The assignments of error of Irene Smith (movant in the new trial proceedings) are to this effect: (1) That, although good cause was both alleged and proven by her, and new trial granted, it was error to, at the same time and upon the same facts, render final judgment; she being entitled to an independent and subsequent trial upon the facts and the law; (2) the original suit and judgment (described in the former appeal) being upon a $1,000 renewal note, dated April 29, 1928, it was error for the trial court to permit appellees to declare and recover upon a new and different cause of action in the statutory motion for a new trial, viz.: a note in the sum of $829.88, dated March 29, 1932; (3) the trial court did not have jurisdiction to render judgment on the merits upon hearing of a motion for new trial, and it was error to foreclose movant's interest in the land upon a different note from that alleged in the inception of the Higginbotham suit; (4) the last rendition in favor of appellees, "doing business as the J. M. Higginbotham Trust", was error because the capacity in which the note-holders were allowed to recover was indefinite and uncertain and not supported by the pleading.

■ Only a transcript is before us, embracing, in material part, the original petition, the first judgment, Irene Smith's bill of review, second amended original answer of Trustees, motion to strike same, and the judgment here appealed from. The agreed statement of facts adduced on the first trial is not included. It is determinable from the record, however, that the $829.88 note of 1932 was in renewal and extension of the unpaid balance due upon the $1,000 note of April 29, 1928; and that the amount of recovery in the two judgments was identical, i. e., $732.52 principal, $81.11 interest, attorney's fees, and interest at 10 per cent from November 7, 1935. It is further evident that District Judge Rawlins

754

allowed Irene Smith's new trial because the basis of the first judgment was the note for $1,000 that was barred by limitation. Issues at the same time were joined on an alleged renewal of date March 29, 1932. A full hearing was then had on all defenses to the last-named obligation, which being deemed insufficient, judgment was rendered accordingly. In the absence of a statement of facts, it will be presumed that such action found support in the evidence.

■ Appellant argues that the trial court should have gone no farther in the instant proceedings than to grant a new trial, as in case of a motion for new trial after personal citation and default judgment. All assignments to this effect must be overruled. There is a marked procedural difference in the disposition of a new trial motion where personal service has been had upon the defendant in default, and a similar motion after service by publication. The scope of inquiry in a motion for new trial of the former type is limited to the existence vel non of a prima facie defense, and does not include a trial on the issues alleged therein as constituting such defense; Cragin v. Henderson County Oil Development Co., Tex.Com.App., 280 S.W. 554. On the other hand, motions under Art. 2236 contemplate a hearing of testimony on the issues raised by the particular pleading. Keator v. Case, Tex.Civ.App., 31 S.W. 1099, an early but leading authority, states the rule: "We are also of opinion that the allegations in an application of this kind are not to be accepted as true, and the new trial granted or refused alone upon their sufficiency or insufficiency, but they may be controverted and evidence heard as to their truth. If this be true, we think the practice of submitting all the issues in one trial, now thoroughly established in this state in ordinary suits to vacate judgments, would be the most convenient, and should be adopted." In this respect, the procedure has been held similar to that involving equitable bills of review. See Ashton v. Farrell & Co. (Ft. Worth) Tex.Civ.App., 121 S.W.2d 611, 616, appeal dismissed, where, in a case quite similar, the court said: "If the motion for new trial under Art. 2236 of the statutes is sufficient on its face to show right thereto, then the merits of the suit may be determined in connection with the hearing of the motion, to avoid trial of the two issues by piece meal." Appellant makes no claim of additional evidence which she could have produced at a later trial. No request for continuance appears to have been made; or showing that movant has not already been accorded full opportunity in which to establish her allegations of good cause for the rendition of a different judgment. In this situation, with the testimony fully developed to a definite conclusion, it would have been idle to split up the proceedings and retry the same issues, when no other result than that already attained could have been reached. Moreover, following Keator v. Case, ante, the court properly disposed of the motion at one hearing, even to the new and different pleading of the Trustees. As held in Brown v. Dutton, 38 Tex.Civ. App. 294, 85 S.W. 454, 455, "* * * it is clear from the above authorities that a proceeding under article 1375, Rev.St.1895, supra [now Art. 2236], to set aside a judgment rendered on service of citation by publication in the district or county court, *should be tried on the pleadings of the parties in such proceeding, separate from the original case, * * *"* (italics ours); and, in 31 Tex.Jur., New Trial-Civil Cases, sec. 174, pp. 185, 186, the rule is stated: "The hearing is upon the petition for a new trial and the answer thereto—not upon the pleadings in the main case. The defendant in the main case becomes, in a measure, the plaintiff in a new proceeding; and the burden rests upon him to show that the judgment is wrong. It has been said that the practice of submitting all of the issues in one trial, which prevails in suits in equity to vacate judgments, should be adopted."

The cases cited by appellant are not inconsistent with the above principles. Among them are, Wiseman v. Cottingham 107 Tex. 68, 174 S.W. 281, and Trujillo v. Piarote, 122 Tex. 173, 53 S.W.2d 466. Both involved new trials under Art. 2236, where the publication judgment was set aside and a new and different rendition ordered on the one setting of the particular cause.

■ There was no indefiniteness or uncertainty in the judgment recital, "that the said J. M. Higginbotham, Jr. and J. L. Higginbotham, Trustees, doing business as the J. M. Higginbotham Trust, do have and recover" etc. Appellees were so designated in the trust instrument filed (as alleged) in the records of Dallas County; it also being averred that the J. M. Higginbotham Trust was a partnership, in which the same-named parties were acting as managing partners. Title to the note was in them in either capacity. The Trustees, as such and

as partners, also the trust or partnership represented by them, were plainly bound by the judgment and appellant was fully protected against further liability. In fact, no judgment was taken against Mrs. Dora Smallwood, as community survivor, and the heirs of C. H. Smallwood, other than one of foreclosure.

It follows that all assignments and propositions of appellant should be overruled, and the judgment of the trial court affirmed.

Affirmed.