IRENE SMITH V. J. M. HIGGINBOTHAM ET AL.

No. 7781. Decided January 28, 1942.
(158 S. W., 2d Series, 481.)

228

*J. Frank Wilson* and *George C. Cochran,* both of Dallas, for plaintiff in error.

The Court of Civil Appeals committed an error of substantive law which affected its judgment, because the action of the trial court in rendering a new and different judgment upon a hearing of a motion for a new trial is contrary to Article 2236 Revised Civil States of Texas, and the construction which this honorable court has placed upon it. Smith v. Thornton, 119 Texas 344, 29 S. W. (2d) 314; Schaffer v. Speckels, 62 S. W. (2d) 85; Marmion v. Herrin Transp. Co., Inc., 127 S. W. (2d) 558.

*Read, Lowrnce & Bates,* of Dallas, for defendants in error.

Allegations in an application for a Bill of Review under Article 2236, are not to be accepted as true and the new trial granted or refused alone upon their sufficiency or insufficiency, but may be controverted and evidence heard as to their truth, and the practice of submitting all the issues in one trial is thoroughly established in this State in such suits. Cragin v. Hendereson County Oil Dev. Co., 280 S. W. 554; Keaton v. Case, 31 S. W. 1099; Ashton v. Farrell & Co., 121 S. W. (2d) 611.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Suit was filed by J. M. Higginbotham, Jr., and J. L. Higginbotham, trustees, upon a note for $1,000.00 dated April 29, 1928, secured by a deed of trust lien upon a lot in the Fannie and A. L. Moore addition to the City of Dallas, against Dora Smallwood, individually and as a community survivor of herself and her deceased husband, C. H. Smallwood, and the unknown heirs, legatees, devisees, if any, of the deceased husband. Process was duly served upon Mrs. Smallwood and the unknown defendants were cited by publication. On November 7, 1935, Mrs. Smallwood having defaulted and an attorney appointed by the court to represent the interests of defendants cited by publication having answered for them, judgment was entered for plaintiffs upon the note against Mrs. Smallwood

in the capacities named, and against the unknown defendants, for foreclosure.

On April 30, 1936, Irene Smith (joined pro forma by her husband) filed what she designated as a bill of review (in reality a motion for new trial) alleging she had an interest as an heir of C. H. Smallwood in the community estate upon his decease; that she knew nothing of the pending suit until about April 11, 1936, and had been cited by publication only. She alleged the invalidity of the judgment, that she had a meritorious defense and that the judgment should be set aside because of (1) a defective affidavit for citation by publication, (2) failure of the petition to allege the note was executed by Mrs. Smallwood, (3) failure of plaintiffs to allege ownership of the note, (4) failure of the petition to show for whom plaintiffs were trustees, (5) disclosure upon the face of the petition that the note sued upon was barred by limitation, (6) disclosure by the statement of the evidence adduced upon the trial that a note dated April 29, 1932, was introduced in evidence rather than the note sued upon, and (7) usury in the note sued upon, as well as payments made on the transaction involved.

The Higginbothams filed a general demurred and general denial to the motion for a new trial, and later, July 21, 1936, filed an amended answer, replying thereto generally and specially, and on October 20, 1936, all parties appeared. The trial court being of opinion upon announcement by the proponents of the motion that the action was for a new trial as provided by article 2236 R. C. S. 1925, and not for a bill of review and being of the further opinion that because of passage of two terms of court since the filing of the motion, overruled the motion and denied any relief to the proponents. Upon appeal from the judgment the Court of Civil Appeals (112 S. W. (2d) 770) correctly reversed and remanded the cause. Dennis v. McCasland, 128 Texas 266, 97 S. W. (2d) 684; Hunsinger v. Boyd, 119 Texas 182, 26 S. W. (2d) 905.

The foregoing is a brief history of the result of the first trial and appeal of the cause. Upon the second trial (January 1939) Mrs. Smith and her husband, together with Mrs. Smallwood who defaulted upon the first hearing but was present at the second, relied upon the allegations of their motion as set out above. The Higgingbothams however, after return of the mandate from the Court of Civil Appeals, filed (December 3, 1938) their second amended original answer. They demurred

generally and replied seriatim and in detail to the allegations of meritorius defense. They also alleged affirmatively and at length the history of the indebtedness and security sued upon to the following effect; Security Home Company sold to C. H. Smallwood and wife, Dora, on April 29, 1924, the lot involved, retaining a vendor's lien to secure the payment of a note for $1,000.00 of even date with the debt, due four years after date; that the company, on May 19, 1924, sold and transferred the note and security to the Higginbothams, trustees, who for a valuable consideration became holders in due course before maturity; that October 20, 1930, the Higgingbothams executed, delivered, and had recorded, their declaration of trust substantially as follows: The declared purposes, set out following a recitation concerning the conveyance theretofore of "various notes, * * * liens, * * * lands and other things of value," to the Higginbothams as trustees, were to make and publish such recited facts, and to evidence that they had bound themselves unto the J. M. Higginbotham Trust that such properties "whenever acquired and from whatsoever source" were held by the "trustees of and for the J. M. Higginbotham Trust," and further that such instrument should be the authority for all parties dealing with the Trust "to accept any release, and/or deed, and/or acquittance of such trust as being the equitable owner of such property conveyed to the undersigned (the Higginbothams, Trustee as trustees whether the name of J. M. Higginbotham Trust was set out in such conveyance or not." They also alleged that under a deed of April 29, 1928, Dora Smallwood, a widow acting individually and as community survivor of the community estate of herself and her deceased husband, C. H. Smallwood, executed and delivered to the Higginbothams, Trustees, a certain note for the sum of $1,000.00, reciting it was given in renewal and extension of the note above referred to, and that the deed of trust on the lot securing same was retained; that upon maturity of the renewal note, delinquent taxes being standing against the lot at such time (March 29, 1932), Mrs. Smallwood, in the capacities stated, executed and delivered to the Trustees her note payable to the Trust for the sum of $828.88 (reciting it was in extension and renewal of the balance due on the $1,000.00 note), together with a deed of trust to C. W. Bartlett, Trustee, so reciting, to secure its payment. It was further alleged that the Trustees were at all times from the conveyance of the note first herein described acting on behalf of the Trust and that they were in their capacity as trustees the legal and equitable owner and holder of the above described notes, all of which facts were known to Mrs.

Smallwood and, through her, binding on Irene Smith, whose rights, if any, came through the community interest of C. H. Smallwood, deceased. It was further alleged that when the renewal note and deed of trust were deliverey it was agreed, and therein recited, that payments could be made at $20.00 per month but that upon default in the payment of taxes, or payments on the note, Mrs. Smallwood, for herself and as survivor, would at the option of the payee be brought under the penalty of foreclosure under the deed of trust of April 29, 1928; that the statute of limitation was thereby tolled so that it began to run as of date March 29, 1932, and did not expire until March 29, 1936, long after suit was filed and judgment rendered upon the first trial of the case. It was further alleged affirmatively that the Trust was a partnership of which the Higginbothams were the managing partners. The Higginbothams also alleged it was in evidence upon the former trial that there was a vendor's lien note executed by C. H. Smallwood and his wife at the inception of the purchase of the lot; that the Higginbothams for a valuable consideration and before maturity became the owners of the note and lien securing same; that the note was renewed and extended in writing on April 29, 1928, and that the agreed amount due as of that time was the sum of $1,000.00; that the note was payable to the Trustees, and was secured by deed of trust to C. C. Bland, trustee, and that said note became due three years after its date; that under date of March 29, 1932, an instrument was executed agreeing that the balance due on the note was $829.88 at that time and promising payment at the rate of $20.00 per month; that at the time of the judgment there was a balance due on said indebtedness of $737.52 principal, $81.11 interest and $81.66 attorney's fees; and that judgment was rendered in such amount together with foreclosure of the lien. It was alleged finally that all of the above named facts were duly produced in evidence at the time of the trial of the original suit and judgment rendered thereon and that through error all of the facts were not shown by the statement filed with the papers.

The Higginbothams prayed (1) that the motion of Mrs. Smith and her husband for a new trial be overruled; and (2) in the alternative, that in event they were mistaken as to their rights with reference to the motion, the court render such judgment as was proper under all the pleadings and facts; and (3) in the further alternative, all parties being before the court, that they have judgment for the balance due on the note for $829.88, dated March 29, 1932, together with foreclosure, which

amount as of November 7, 1935, was $737.52 principal, $81.11 interest and $81.86 attorney's fees, together with interest.

There is no statement of facts in the record. The transcript embraces the original petition, the first and second judgments, Mrs. Smith's motion originally filed, the second amended original answer of the trustees, and Mrs. Smith's motion to strike the exception sand alternative cause of action alleged by the Higginbothams in their amended answer.

The judgment appealed from states that the case came on to be heard and that all of the parties, including Mrs. Smallwood, appeared in person and by their respective attorneys, and that matters of fact as well as of law were then submitted to the court; that upon completion of the oral hearing the court requested counsel for the parties to file a statement of what they respectively claimed had been established by the evidence taken upon the trial and also that they file briefs and arguments; that the pleadings, the evidence and the written arguments having been fully considered by the court it reached a final conclusion in the matter on March 28, 1939. The first decree of the judgment recites the court's action in overruling at the time the pleadings were read to the court, the motion of Irene Smith to strike any part of "the second amended original answer and cross action" of the Higginbothams. It is then recited that "it appearing to the court that under the mandate of the Court of Civil Appeals * * * the suit of * * * Irene Smith * * * for a new trial," and that of the Higginbothams for judgment, "should all be tried in the same proceeding and judgment rendered * * * in accordance with the law and facts"; and that it further appearing upon *the full hearing* that "the motion for Mrs. Smith and her husband for a new trial should be granted, and that judgment should be granted the Higginbothams, Trustees," it was accordingly so decreed. The succeeding pertinent recitations of the judgment are as follows:

"* * * in accordance with the law and the facts developed in the full trial of the cause * * * it appears * * * that * * * J. M. Higginbotham, Jr., and J. L. Higginbotham, Trustees, * * * are entitled to judgment foreclosing the vendor's lien originally retained in the deed conveying the * * * property to C. H. Smallwood and Dora Smallwood, which said lien and the debt it secured has been conveyed unto the said * * * Trustees, and kept alive by proper renewals, and extensions and new promises made with reference to the original note sued

on, and which debt as of the date of the original judgment herein on November 7, 1935, in the amount of $732.52 principal, and interest then due * * * $81.11, and for ten per cent attorney's fees as prayed, and which then due debt bore interest after said 7th day of November, 1935, at the rate of ten per cent per annum on the principal and interest then due, * * * it is * * * ORDERED, ADJUDGED AND DECREED * * * that the * * * Trustees * * * do have and recover judgment of foreclosure of vendor's lien as retained in the deed conveying the * * * property, and the deed of trust lien last given in renewal and extension of the balance due on the original debt against the property (describing it) as against the said Dora Smallwood, individually and as survivor of the community of C. H. Smallwood, deceased, and against the said Irene Smith, * * *"

The judgment then directs issuance of order of sale and carries the usual instructions incident thereto to the officer directed to sell the property. Upon appeal the Court of Civil Appeals affirmed the judgment. 141 S. W. (2d) 752.

Mrs. Smith alleges in effect in the first, second, third, and fifth assignments of her application for writ of error that the Court of Civil Appeals erroneously held the trial court had jurisdiction upon the hearing of her motion for a new trial, to render judgment upon the new cause of action alleged in the alternative by the Higginbothams upon the note of March 29, 1932, or to grant the motion at the same hearing upon which such judgment was rendered; because such action is contrary to article 2236 of the Revised Statutes as construed by this Court. The following cases are cited in support of the assignment: Wiseman v. Cottingham, 107 Texas 68, 174 S. W. 281; Dennis v. McCasland and Hunsinger v. Boyd, supra, and Trujillo v. Piarote, 122 Texas 173, 53 S. W. (2d) 466.

The allegations of the assignments do not correctly reflect the record, as is apparent from the transcript facts stated above. The judgment upon the new cause of action pleaded in the alternative was not rendered *upon the hearing of the grounds of the motion only,* but upon a "full hearing" of both the motion and new cause of action. The motion, as the trial court's judgment recites, was granted. Both the motion and the subsequently alleged cause were tried upon the same hearing. The cases cited hold in effect that a judgment rendered on constructive service under article 2236 does not become final until two years from the date of rendition and that when a

motion for new trial in a case in which judgment has been rendered on such service has been granted, the cause stands on the docket as between the parties in the same condition as if judgment had never been rendered. It was upon such holding in the McCasland and Hunsinger cases, supra, that the Court of Civil Appeals reversed the judgment of the trial court rendered upon the first trial in 1935. 112 S. W. (2d) 770.

■ The "full hearing" was had several months after the mandate of the Court of Civil Appeals had been returned to the trial court, and the judgment recitals disclose that both the motion and the cause were heard, considered and disposed of. All parties were present in court personally and by attorneys. The court had jurisdiction of both the subject matter and the parties. The assignments alleging lack of jurisdiction are overruled.

The remaining assignment of error, the fourth, alleges in substance that the Court of Civil Appeals erred in affirming the trial court's action in refusing to grant Mrs. Smith's motion to confine that matter of the hearing to "the question of a new trial" and "to strike the alleged alternative cause of action." It appears from the judgment recitals that the motion to strike was presented and overruled upon "the reading of the pleadings." As pointed out in the opinion of the Court of Civil Appeals" a full hearing was then had on all defenses to the last named obligation (the renewal note of March 29, 1932) which being deemed insufficient, judgment was rendered accordingly." We are in accord with this holding. The trial court was within its power in overruling the motion. We find no basis in the record for holding that it erred in doing so.

■ There is no statement of facts in the record and it does not appear that Mrs. Smith requested the trial court to file findings of fact and conclusions of law or that the judgment was objected to in any manner other than that evidenced by the general exception thereto and the notice of appeal given therefrom. It has long been the law that in the absence of a statement of facts it will be presumed, where the transcript record is sufficient, that the trial court's judgment is supported by the evidence. Ex parte Klugsberg, 126 Texas 225, 87 S. W. (2d) 465; Wedgworth v. Smith (Com. App.), 213 S. W. 254; Anchor v. Wichita County Imp. Dist., 129 Texas 385, 103 S. W. (2d) 135, 112 A. L. R. 70.

We have determined upon final consideration of the assignments in the light of the transcript facts pointed out and in the absence of a statement of facts, or findings of facts and conclusions of law thereon by the trial court, that the judgment of the Court of Civil Appeals is correct. Its judgment affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court January 28, 1942.