## ELLISON v. LARSON et al.
### No. 11843.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 15, 1948.

Rehearing Denied Oct. 13, 1948.

Lang, Byrd, Cross & Ladon Maverick, Putman & Putman and John R. Shook, all of San Antonio, for appellant.

A. H. Lumpkin, of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal by N. O. Ellison, Jr., from a judgment rendered against him and Guy Linton, jointly and severally, as partners in a business known as "Guy's Dinner Club," located at 204 North Flores Street in San Antonio, Texas, and in favor of A. L. Larson as general contractor and A. Salisbury, Southwest Tile Company, General Supply Company, Inc., Albert Dean, Jr., Sheet Metal Works, Farwell Company and Leland Hastings, as subcontractors. A. L. Larson, as general contractor, recovered the sum of $749.23, and the sub-contractors, sometimes referred to as interveners, recovered a total sum of $3,588.64. Each recovery carried with it interest and 20% attorney's fees.

The cause was submitted to a jury upon special issues and the judgment was in keeping with the answers of the jury.

Guy Linton did not appeal, although the judgment was against him jointly and severally. The judgment was for labor performed and materials furnished in remodeling the upstairs at 204 North Flores Street for occupancy by "Guy's Dinner Club." It is not contended that the labor was not performed and the supplies not furnished, but the main question presented is whether or not N. O. Ellison, Jr., was a partner in the business of "Guy's Dinner Club," and, therefore, liable for the labor performed and the material furnished. It is contended that Ellison became a partner when he advanced the sum of $3,000 on or about February 9,

1947, with the understanding that he was to receive one-third of the contemplated profits of the business.

◼ Appellant's first point is that the court erred in refusing to instruct a verdict or defendant Ellison, because "(a) the evidence shows conclusively that all, or a large part of the labor performed and material furnished was prior to the advancement by defendant Ellison of $3,000. or, in any event, there is a total failure of evidence showing the date of the performance of such work and the furnishing of such materials, and (b) the evidence wholly fails to show any assumption of existing debts by defendant Ellison." Appellant's points 2 and 3 are to the effect that issues 5 to 32 should never have been submitted to the jury, and that the answers of the jury thereto are contrary to the undisputed evidence. We overrule these points. There is sufficient evidence to at least raise the issues, that N. O. Ellison, Jr., became a partner in the business on February 9, 1946, that the unpaid for labor was performed and the unpaid for materials were furnished after February 9, 1946, that the partnership assumed the debts, if any, which accrued prior to February 9, 1946, that the partnership was formed to open up the enterprise known as "Guy's Dinner Club," and the cost of the labor and materials sued for were furnished for that very purpose under binding contracts, known to Ellison at the time he bought into the business. Guy Linton testified to facts which would support all of the above findings. It is true that these facts were disputed by Ellison, but that fact would not support an instructed verdict in his favor. Linton testified that Ellison put $6,700 into the business, with an understanding that he was to receive one-third of the contemplated profits of the business and, further, that he would put up dollar for dollar with Linton. The trial court did not err in overruling appellant's motion for an instructed verdict, and did not err in submitting issues 5 to 32 to the jury, and the answers of the jury were not contrary to the undisputed evidence.

Appellant's point 5 presents the contention that the court erred in submitting issues numbers 5 to 32, inclusive, because they constituted a charge upon the weight of the testimony, were multifarious and duplicitous, and assumed disputed fact issues. The following issues are sufficient to demonstrate the objection appellant is here making, to wit:

"Question No. 5: Do you find from a preponderance of the evidence that all the unpaid for labor and materials, furnished by plaintiff, A. L. Larson, were furnished after N. O. Ellison, Jr., put the first three thousand dollars into said enter-

"Answer 'Yes' or 'No.'
prise inquired about in this suit?

"We, the jury, answer: Yes.

"Question No. 6: Do you find from a preponderance of the evidence that any part of the unpaid for labor and materials inquired about in the preceding question were furnished by the plaintiff, A. L. Larson, after N. O. Ellison, Jr., put the first three thousand dollars into the enterprise inquired about in this suit?

"Answer 'Yes' or 'No.'

"We, the jury, answer: Yes.

"If you have answered Question No. 6 'Yes,' then you will answer Questions No. 7 and No. 8. If you answer Question No. 6 'No,' you need not answer Questions No. 7 and No. 8.

"Question No. 7: From a preponderance of the evidence, what portion of the unpaid for labor, inquired about in Question No. 6, was furnished by the plaintiff, Larson, after N. O. Ellison, Jr., put the first three thousand dollars into said enterprise?

"Answer by stating the percentage, if any, of the portion so furnished.

"We, the jury, answer: 100%.

"Question No. 8: From a preponderance of the evidence, what portion of the unpaid for materials, furnished by the plaintiff Larson, if any, were furnished by him after N. O. Ellison, Jr., put the first three thousand dollars into said enterprise involved in this suit?

"Answer by stating the percentage, if any, of the portion so furnished.

"We, the jury answer: 100%."

◼ We are of the opinion that the evidence conclusively shows that at least

a part of the labor and material were furnished after Ellison advanced the $3,000, that Ellison did put $3,000 in the business of "Guy's Dinner Club," and the only dispute was whether it was a loan or an investment. Therefore, the only question asked the jury was whether or not all of the labor and materials were· furnished after Ellison put the $3,000 in the business. By Question No. 6, the only inquiry was as to whether or not any part of the labor and materials were furnished by Larson after Ellison put the $3,000 into the business. By Question No. 7, the inquiry was made as to what portion of the unpaid· for labor was furnished by Larson after Ellison put the first $3,000 into the business. By Question No. 8, the same inquiry was made as to the unpaid for materials. These issues did not constitute a comment upon the weight of the evidence, they did not assume disputed facts, and they were not multifarious and duplicitous.

■ Appellant's points 6 and 7 present the contention that the court erred in not giving Ellison's requested issues Nos. 1, 2, 5 and 6. We overrule this contention. The only pleadings filed by appellant consisted of special denials of the causes of action asserted by A. L. Larson and the sub-contractors. These requested issues attempted to submit to the jury affirmative defenses of appellant that were not pleaded. He was not entitled to have these affirmative defenses submitted to the jury in the absence of pleadings affirmatively setting them up. Rule 279, Texas Rules Civil Procedure. Furthermore, these issues were covered by the issues submitted in the main charge. 41 Tex. Jur., § 247, p. 1051, § 278, p. 1112. Point 8 is without merit and is overruled.

Appellant next complains because the court gave the following charge on circumstantial evidence, to wit: "You are instructed that any fact before you may be established by circumstantial evidence or direct evidence, or both. A fact is established by direct evidence when proved by witnesses who saw the acts done or heard the words spoken, or by documentary evidence. A fact is established by circumstantial evidence when the fact is fairly and reasonably inferred from other facts proved in the case."

■■ In the first place, this charge is incorrect in that it states that "A fact is established by circumstantial evidence when the fact is fairly and reasonably inferred from other facts proved in the case." At most, it should have stated that "a fact may be established, etc." This statement was certainly in conflict with that part of the charge which instructed the jury to make their findings from a preponderance of the evidence. This whole case turns upon the question of a partnership between Ellison and Guy Linton in the enterprise known as "Guy's Dinner Club." The facts controlling this question were testified to fully by both parties and were very contradictory. The fact that Ellison was showing considerable interest in the business was just as consistent with the existence of a partnership as the non-existence of a partnership, because, according to all the testimony, Ellison was putting some $6,700 into the business which he hoped to be repaid out of the profits of the business in any event. Dallas Joint Stock Land Bank v. Colbert, Tex.Civ.App., 127 S.W.2d 1004; Texas Pac. Fidelity & Surety Co. v. Hall, Tex.Civ.App., 101 S.W.2d 1050, 1051.

This was not a proper case in which to charge upon circumstantial evidence, and the incorrect charge given was undoubtedly misleading to the jury. Johnson v. Zurich General Accident & Liability Insurance Company, 146 Tex. 232, 205 S.W.2d 353.

We do not deem it necessary to pass upon appellant's remaining points.

Accordingly, the judgment will be reversed and the cause remanded.

On Motion for Rehearing.

At the request of appellees, we make the following additional findings of fact, to wit:

1. Appellant, N. O. Ellison, Jr., announced in the Commercial Recorder published in San Antonio, Bexar County, Texas, on June 24, 1946, and in the San Antonio Evening News on June 22, 1946, that he would not be responsible for any

**420**

past or future debts of C. E. (Guy) Linton, the announcement being over his signature.

2. Appellant, N. O. Ellison, Jr., testified and claimed that the $3,000 put into Guy's Dinner Club was money belonging to his children; that it was put into the enterprise without benefit of an order of the Probate Court in the matter of the estate of his children, who were minors; that Probate orders were introduced showing that on previous occasions said N. O. Ellison, Jr., as Guardian, had obtained orders of the court on particular actions in behalf of the estate.

3. Appellant, N. O. Ellison, Jr., neither received nor required a note, either payable to himself individually or as Guardian of his children, nor a written contract with reference to repayment of the $3,000 put into Guy's Dinner Club.

4. The $3,000 put into Guy's Dinner Club by N. O. Ellison, Jr., was taken out of a bank box in the National Bank of Commerce of San Antonio, Texas, registered in the name of N. O. Ellison, Jr., personally.

5. Appellant, N. O. Ellison, Jr., made suggestions as to the improvements while being made and referred to the club as "our club" prior to its being opened up for business.

6. Appellant did not object to the charge on circumstantial evidence in the trial court on the specific ground that "circumstantial evidence" was erroneously defined.

We have carefully considered appellees' motion for a rehearing and same is over-ruled.