## CHALMERS v. KIMBROUGH et al.

### No. 15113.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 24, 1950.

Piranio & Piranio, and A. J. Piranio, all of Dallas, for appellant.

George M. Hopkins, Jr., and Geo. M. Hopkins, both of Denton, for appellees.

SPEER, Justice.

This suit was instituted in the district court of Denton County, Texas by W. C. Kimbrough against Joseph Lee Smith, Wylie Beckman Smith and W. M. Chalmers to recover rentals on a described cafe and foreclose a landlord's lien on certain equipment and fixtures therein.

Defendants, the two Smiths above mentioned, answered with general denial and also plead for relief over against their codefendant Chalmers, claiming a sale of the cafe to Chalmers, by the terms of which Chalmers was to pay to them $2500.00 in monthly installments and to assume payment of rentals due plaintiff Kimbrough, and that the sale price was secured by a

chattel mortgage lien on the equipment and fixtures in the cafe. The Smiths prayed for judgment over against Chalmers for any amount that plaintiff should recover against them, also for balance remaining unpaid on their note and a foreclosure of the chattel mortgage lien.

Defendant Chalmers answered by general denials to plaintiff's suit and likewise to the pleas of the two Smiths over against him. In addition to such general denials, Chalmers plead res judicata as against the plea over against him by the Smiths. The plea of res judicata was based upon allegations to the effect that therefore the defendants, Joseph Lee Smith and Wylie Beckman Smith, as plaintiffs, had sued the said W. M. Chalmers in a district court of Dallas County, Texas, upon the same subject matter as involved between them in this suit and that said suit was finally disposed of with a final judgment from which no appeal was ever taken.

The case before us was tried to the court. Judgment was entered for plaintiff and for the two Smiths against Chalmers, as prayed for by each. Chalmers has appealed.

No statement of facts offered in the trial court has been filed or proposed to be filed in this court. No findings of fact or conclusions of law were filed and none were requested.

Just here we should state that on February 10, 1950, appellant Chalmers filed a motion in this court to be permitted to file in the case before us certified copies of the proceedings had in the district court of Dallas County in the case which he had plead in the case at bar as the basis of his plea of res judicata. Nothing in the motion shows that those instruments were before the trial court in the case before us. As above stated, there is no statement of facts before us. It is quite obvious that we cannot accept such filing and consider it as evidence in this case where trial court did not have the benefit of it. We must of course overrule the motion to file, and reject the proposed extraneous evidence.

Appellant Chalmers' sole point of error before us reads: "The court erred in not dismissing defendants', Joseph Lee Smith and Wylie Beckman Smith, cause of action against defendant Walter M. Chalmers, in that a former suit filed by the same parties herein mentioned against defendant Walter M. Chalmers upon the same cause of action as herein mentioned reached a final judgment and was finally adjudicated and was never reversed or set aside, all of which makes said former judgment res adjudicata as to these parties and as to these issues."

The point of error must be overruled. First, because, assuming that the plea of res judicata was sufficient, the burden of proof was upon appellant Chalmers to establish the truth of his allegations before the trial court. Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226. It is not contended by Chalmers that he offered any evidence in support of his plea. Certainly he does not bring before us any evidence offered in the trial court. Second, having failed to offer testimony in support of the plea of res judicata, it seems elemental that he cannot supply the lack of testimony in the trial court by offering such original testimony for the first time in this court, as was proposed by the motion above pointed out. Nor may we look to the record of anther case (in Dallas County) for the purpose of ascertaining a fact not shown in the record before us. Victory v. State, 138 Tex. 285, 158 S.W.2d 760, 763. The last announced principle does not preclude an appellate court from taking cognizance of its own prior proceedings. Third, when, as in this case, there is no statement of facts nor findings of fact and conclusions of law filed or requested "it will be presumed, where the transcript record is sufficient, that the trial court's judgment is supported by the evidence." Smith v. Higginbotham, 138 Tex. 227, 158 S.W.2d 481, 485, and cases there cited.

It is the settled rule that when no statement of facts is filed and there are no findings or conclusions filed by the trial court, the appellate court will presume there was evidence heard in support of the judgment entered. Foley v. Currie, Tex.Civ.App., 189 S.W.2d 349, writ refused, n.r.e., and cases cited.

It is so apparent to us that no error is presented in this appeal that we think further discussion unnecessary. The judgment of the trial court will be affirmed. Affirmed.