**PRUITT et al.**

**v.**

**GENERAL INS. CORP.**

**No. 12650.**

Court of Civil Appeals of Texas.

Galveston.

March 4, 1954.

Rehearing Denied March 25, 1954.

cover workmen's compensation benefits to which Mrs. Pruitt asserted her right by virtue of alleged incapacity resulting from an accidental injury sustained by her on or about September 4, 1952, while acting within the scope of her employment as an employee of Regal Sandwich Shop. Trial was before a jury, and upon a verdict received by the court, judgment was entered in favor of plaintiff for compensation benfits at the rate of $22.50 per week for 12 weeks. Mrs. Pruitt, and her husband, plaintiffs below, have appealed, asserting as their one ground for reversal of the judgment that the verdict of the jury contained an irreconciláble conflict which rendered it incapable of supporting the judgment entered by the court. No statement of facts appears in the record, which consists only of the transcript of the proceedings before the trial court.

An examination of appellants' trial pleadings discloses that recovery for Workmen's Compensation benefits was sought for total and permanent disability, or alternatively, for such partial disability as plaintiff might show herself entitled to. In answer, appellee filed first a general denial, then a plea that any injury sustained by appellant consisted only of burns and a sprain of the lower left leg and foot which disabled her for not more than six weeks, that any disability for a longer period was partial only, and finally that any disability extending beyond six weeks was caused solely by pre-existing injury, illness, disease, congenital condition or other bodily infirmities not caused by the accident in question.

During trial it was stipulated by the litigants that Mrs. Pruitt sustained an accidental injury in the course of her employment, and that her average weekly wages amounted to the sum of $37.50. The cause was submitted to the jury on 19 special issues. By its answer to Issue No. 1, the jury found that the accidental injury sustained by Mrs. Pruitt was a producing cause of any incapacity to her; by No. 2, that such incapacity was confined to the left foot and leg below the knee; by No. 3, that such incapacity was total; by No. 4, that such incapacity was temporary; by No. 5, that

W. Jiles Roberts, Houston, for appellants.

W. N. Blanton, Jr., Butler, Binion, Rice & Cook, Houston, for appellee.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Harris County by Lillian Lucille Pruitt and her husband, J. N. Pruitt, to re-

such total incapacity endured for 12 weeks; and by No. 6, that the injury to the left foot and leg below the knee caused no partial incapacity. Because of the negative finding on issue No. 6, special issues 7 to 18, inclusive, were, under instruction from the court, not answered. In response to special issue No. 19, the jury found that any incapacity sustained by Mrs. Pruitt was solely the result of illness, congenital conditions or injuries not connected with the accident. It is the conflict in the jury's answer to special issue No. 1, and to special issue No. 19 which appellants contend constitutes an irreconcilable conflict, requiring a reversal of the judgment rendered thereon. With this contention, this Court cannot agree, but rather is of the opinion that the jury's findings, when viewed in the light of the issues raised by the pleadings in the case, can be reconciled so as to support the judgment, and further that the state of the record presented, particularly the absence of a statement of facts, gives rise to presumptions in favor of the judgment which require its affirmance in any event.

■ It is the duty of courts to construe verdicts as not irreconcilably conflicting when there is any reasonable explanation of seeming conflicts. It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict if there is any reasonable basis upon which they may be reconciled. Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97. Furthermore, for the purpose of possible reconciliation, apparent conflicts should be examined in the light of the facts in the particular case, the pleadings and evidence, the manner in which the issues were submitted, and in view of the other findings, when considered as a whole. Traders & General Ins. Co. v. Wilder, Tex. Civ.App., 186 S.W.2d 1011, error refused.

■■ When the record here presented is examined in the light of the cited authorities, it is apparent from the pleadings of the litigants, as well as from the stipulations made during the trial, that the only dispute to be resolved by the jury was whether, on the one hand Mrs. Pruitt's injury had resulted in total or partial general incapacity, as opposed to temporary specific incapacity on the other. That she sustained an accidental injury in the scope of her employment was admitted. It was the appellee's contention, as reflected by its pleadings, that such admitted accidental injury resulted only in temporary incapacity, and was confined to the left foot and leg below the knee. An examination of the entire charge and issues submitted to the jury indicates that the trial court was undertaking to secure findings of fact from the jury supporting or negativing the theories of the respective litigants. And when so examined, it becomes apparent that by special issue No. 19, the trial court was submitting the affirmative defense alleged by appellee to the effect that any incapacity over and above temporary incapacity resulting from specific injury, was the result solely of illness, congenital condition or injury not connected with the admitted accident. To hold that the jury, in view of the stipulation of accidental injury, and its answers to issues 1 to 5, inclusive, intended by its answer to issue No. 19 to make a finding directly in conflict therewith would require an indulgence in a presumption that the jury intended to return conflicting answers, whereas the contrary presumption always prevails. In the judgment entered, the trial court found from the pleadings and stipulations of the parties that the jury's answer to special issue No. 19 is not applicable to the other findings of the jury, and should be disregarded. Such finding is supported by the record here presented. Especially is this so in view of the settled rule that in the absence of a statement of facts, it will be presumed that the verdict, the trial court's judgment, and every additional fact which the trial court might have found in order to authorize the judgment, is supported by the evidence. Smith v. Higginbotham, 138 Tex. 227, 158 S.W.2d 481; Missouri-Kansas-Texas R. Co. v. Cheek, Tex.Civ.App., 18 S.W.2d 804.

The judgment of the trial court is accordingly affirmed.