Leon CAMPISE, Indv., Etc., Appellant,

v.

PEDEN BUILDERS HARDWARE CO.,
Appellee.

No. 15612.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 19, 1970.

Oscar Nipper, Houston, for appellant.

S. Mitchell Glassman, Houston, for appellee, Diamond & Totz, Houston, of counsel.

PEDEN, Justice.

Suit on an account for building materials. Mr. Campise, the defendant in the trial court, has perfected this appeal from a judgment based on a jury verdict.

Appellant's only point of error complains that the trial court erred in overruling his motion for new trial because the issues do not support the judgment in that there has been no jury finding that the price charged for the merchandise in question was fair and reasonable *at the time* it was sold.

The jury found in response to special issues 1) that Leon Campise authorized the purchase of the goods made the basis of the suit, 2) that the prices charged for the goods made the basis of the suit are fair and reasonable in and around Houston, Harris County, Texas and 3) the reasonable value of the goods in question is $1,389.57.

The record on appeal does not include a statement of facts. It does include a transcript, but the transcript does not show that the appellant made any objections to the court's charge or any requests for submission of issues. Plaintiff's petition sought recovery on a sworn account and, alternatively, on the theory of quantum meruit. The items of merchandise were alleged to have been purchased during the latter months of 1966.

The verified answer of the defendant (appellant) alleged that the plaintiff's account is incorrect and is not just and true in that the sums in it do not constitute the reasonable cost and expense of the materials furnished but are excessive and exorbitant, that nothing is due the plaintiff and that the account has been overpaid. Further, that the plaintiff was aware that the charges were made to the defendant's account by unauthorized persons, that the materials were not delivered to him or used for his benefit and that the parties did not agree on the prices to be charged.

We overrule the appellant's point of error. Ordinarily, the proper inquiry under the theory of quantum meruit would have been to ask whether the prices charged were, at the time the goods were sold, fair and reasonable in and around that community or to ask what was the reasonable value of the goods when they were sold. Absent a statement of facts we cannot tell whether any issues should have been submitted to the jury. It could be that all of the necessary elements of the plaintiff's cause were established as a matter of law.

Since the appellant has not shown that he properly objected to the issues in question or requested their submission in proper form we would be required to affirm the judgment of the trial court, even if appellant had shown that the controlling issues were submitted in defective form, or that a controlling issue was omitted and it was one of a cluster of issues embodying a theory of recovery.

"It seems well settled in this State that where no objection is made to a defective submission of a controlling issue constituting a compound element of a ground of recovery or a defense and a judgment is rendered thereon, such judgment will not be reversed because the failure to object is considered as a waiver of the defective submission of such issue. Rule 274, Texas Rules of Civil Procedure. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S. W.2d 79 (1940); Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853 (1950); Cox v. Huffman, 159 Tex. 298, 319 S.W.2d 295 (1959); Frozen Foods Express v. Odom, Tex.Civ.App., 229 S.W.2d 92, ref. n. r. e. (1950); McDonald, Texas Civil Practice, § 12.27.

"In the case of the omission of a controlling issue which is one of a cluster of

issues embodying a theory of recovery or defense, it will be implied that the omitted issue was found in support of the judgment. Rule 279. Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ. App., 172 S.W.2d 991, wr. ref. (1943)."

Allen v. American National Ins. Co., 380 S.W.2d 604 (Tex.Sup.1964).

Rule 279, Texas R.C.P., provides in part that "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground · of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment. * * *"

We cannot agree with the appellant's assertion that the plaintiff-appellee is not entitled to recover because it failed to submit "at the time" in an issue and this constitutes failure to submit a necessary ground of its recovery. The issue would not have been an independent ground of recovery; it would have been, at most, only one of a series of issues necessary to sustain a ground of recovery and necessarily referable thereto. Therefore, under Rule 279, the appellant had the burden of either objecting to the omission or filing a request for submission of the issue; the record

shows neither, so we are required to deem the omitted issue as found by the court in such manner as to support the judgment if there is evidence to support the finding.

█ In the absence of a statement of facts it will be presumed, where the transcript record is sufficient, that the trial court's judgment is supported by the evidence. Smith v. Higginbotham, 138 Tex. 227, 158 S.W.2d 481 (1942).

█ Having filed no statement of facts and not having shown that he made either an objection to the court's charge or a request for submission, the appellant is prevented on appeal from discharging his burden of overcoming the presumptions regarding evidence in support of the judgment. After considering the transcript as a whole we conclude that the trial court by necessary implication has ruled that the only fact issues on the reasonable price of the merchandise were found adversely to the appellant by the jury's answers to Special Issues Nos. 2 and 3. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600 (Tex.Sup.1953).

Even if we were to consider that the lack of a jury finding as to the prices of the goods relative to the time when they were sold amounts to failure to submit an independent ground of recovery, the denial of the appellant's motion for new trial would be controlled by these principles of law stated in the opinion of the Austin Court of Civil Appeals in Manning & Sons, Inc. v. Ken-Tex Oil Corp., 418 S.W. 2d 324 at page 326:

"On appeal there is a rebuttable presumption that omitted special issues were established as a matter of law. Livezey v. Putnam Supply Co., 30 S.W.2d 902 (Tex.Civ.App. Eastland 1930, writ ref'd).

"Furthermore, appellants must show that the evidence raised, but did not conclusively establish, the omitted issues.

City of Dublin v. Hicks, 120 S.W.2d 872 (Tex.Civ.App. Eastland 1938, no writ).

"The burden of appellants here is insurmountable as no statement of facts was filed in this cause. Thus, they are prevented on appeal from discharging their burden of overcoming the presumptions regarding evidence in support of the judgment. * * *"

■ Having determined that the error complained of probably did not cause the rendition of an improper judgment in the case, we are required by Rule 434 to affirm the judgment of the trial court.