**Deny Writ and Opinion Filed November 6, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01408-CV

### IN RE TIMOTHY ANDREW MURPHREE, Relator

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-50694-2014**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

Relator filed this petition for writ of mandamus requesting the Court to order the trial court to vacate its October 10, 2014 sanctions order requiring relator to pay real party in interest $1,500 attorney's fees and declaring "all loans references in [real party in interest's] Inventory and Appraisement be deemed admitted as correct." Relator additionally sought a stay of all proceedings in the trial court, including the trial of the case set for November 3, 2014 while the Court considered relator's petition for writ of mandamus. The facts and issues are well-known to the parties, so we do not review them at length here.

Mandamus is an extraordinary remedy, intended to be available in only limited circumstances, not issued as a matter of right, but rather at the discretion of the court.[1] It is a vehicle for correcting "blatant injustice that otherwise would elude review by the appellate

---

[1] *See In re Reece,* 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding).

courts."[2]  A party is not entitled to mandamus relief upon a simple showing it will be subject to delay, inconvenience or expense if it is required to await correction of the trial court's error on appeal.[3]  Rather, mandamus review is more appropriately reserved for trial court errors that "elude[ ] answer by appeal"[4] and  forever deprive a party of a right that cannot be restored by reversal on appeal.[5]  As the supreme court has noted, this category of cases frequently involves situations "in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved."

This is not a case in which the trial court's ruling cannot be reviewed effectively on appeal or in which requiring relator to seek review by appeal will result in manifest injustice. Relator contends the trial court's ruling, "had the effect of precluding a decision on the merits on a claim in this case."  Relator has advised the Court obtaining a transcript of the contempt hearing "would take a minimum of six weeks."  In light of the extensive delay this mandamus would occasion with regard to the disposition of a case set for trial the business day immediately following the 4:30 p.m. mandamus filing, we conclude appellate review of relator's complaint is more appropriate than mandamus review.[6]  In cases such as this one where disposition of the case is imminent, mandamus review of interlocutory trial court rulings may actually defeat the goal of judicial economy and efficient resolution of disputes.[7]

---

[2] *In re Reece,* 341 S.W.3d at 374 (citing *In re Prudential,* 148 S.W.3d at 138).

[3]*Walker,* 827 S.W.2d at 843.

[4] *Prudential,* 148 S.W.3d at 138.

[5] *Id.*

[6] In the absence of a transcript of the hearing at which the sanctions were ordered, we must presume there was evidence to support the court's order. *See, e.g., Ex parte Savelle,* 398 S.W.2d 918, 921 (Tex. 1966) (orig. proceeding); *Ex parte Linder,* 783 S.W.2d 754, 760 (Tex. App.—Dallas 1990, orig. proceeding).

[7] *In re City of Dallas,* No. 05-14-00922-CV, 2014 WL 4900455, at *4 (Tex. App.—Dallas Oct. 1, 2014, orig. proceeding); *see also In re McAllen Med. Ctr., Inc.,* 275 S.W.3d 458, 467 (Tex. 2008) (orig. proceeding) (Because statute requiring plaintiff to support certain health care claims with expert reports "was intended to preclude extensive discovery and prolonged litigation in frivolous cases; review by mandamus may actually defeat those goals if discovery is complete, trial is imminent, or the existing expert reports show a case is not frivolous.").

We **DENY** the petition for writ of mandamus.

141408F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE