**DENIED; Opinion Filed November 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01401-CV

### IN RE JOHN B. LOWERY, Relator

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-15458**

## MEMORANDUM OPINION
Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Myers

Relator filed this petition for writ of mandamus contending that the trial court abused its discretion in rendering a default judgment against him, in ordering relator to produce documents responsive to post-judgment discovery requests relator contends were overly broad, and in holding relator in contempt when he failed to comply with the order to produce documents. The facts and issues are well-known to the parties so we do not recount them here.

Mandamus is an extraordinary remedy available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Link*, 925 S.W.2d at 596. Relator has an adequate remedy via bill of review for his challenges to the entry of the default judgment. "Mandamus is not an appropriate means of reviewing a final default judgment rendered while the trial court had jurisdiction to do so." *In re Barber*, 982 S.W.2d 364, 368 (Tex. 1998) (orig. proceeding).

Relator has not established his right to mandamus relief with respect to his discovery complaints. "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Because the record in a mandamus proceeding is assembled by the parties, *see* TEX. R. APP. P. 52.3(j), 52.3(k), this Court strictly enforces the authentication requirements of rule 52 of the rules of appellate procedure to ensure the integrity of the mandamus record. *See In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original."). Here, because the documents attached in support of the petition for writ of mandamus are not sworn or certified copies, the mandamus record does not satisfy the authentication requirements of rule 52.

In addition, although relator contends he presented evidence in support of his opposition to the motion to compel and in opposition to the motion for contempt, he has not included transcripts of those hearings. In cases in which the trial court has received evidence at the hearing giving rise to a mandamus challenge, as in this case, the party seeking mandamus has an obligation to provide transcripts of any relevant evidentiary hearings. TEX. R. APP. P. 52.7(a)(2). In the absence of a transcript, we must presume that there was evidence to support the court's order. *See Ex parte Savelle,* 398 S.W.2d 918, 921 (Tex. 1966) (orig. proceeding); *Ex parte Linder,* 783 S.W.2d 754, 760 (Tex. App.—Dallas 1990, orig. proceeding). We **DENY** the petition.

/Lana Myers/
_____
LANA MYERS
141401F.P05                                         JUSTICE

–2–